SABRINA OLMSTEAD *vs.* JERUSHA B. PARTRIDGE.

In an action for a malicious prosecution, the best evidence of the institution of the prosecution is a certified copy of the record.

In an action for a malicious prosecution, evidence that the defendant, in commencing the prosecution complained of, acted upon the advice of a person not a counsellor or attorney at law, is incompetent to disprove malice.

The wilful overstatement of the amount of stolen property in a complaint for larceny is competent evidence of malice in a subsequent action by the defendant against the complainant for malicious prosecution.

ACTION OF TORT for a malicious prosecution by making a complaint to a justice of the peace, charging the plaintiff with

larceny of one hundred sticks of oak wood, upon which the plaintiff was arrested and tried before a trial justice and discharged.

At the trial in the court of common pleas at April term, 1859, *Aiken*, J. admitted in evidence, against the defendant's objection, a certified copy of the record of the proceedings in that prosecution, without calling either the magistrate who received the complaint and issued the warrant, or the one who tried the case.

The defendant called the justice of the peace to whom the complaint was addressed, but who was not a counsellor or attorney at law, and offered to prove by him that the defendant, at the time of making the complaint, applied to him for advice and counsel, and stated that she had caught the plaintiff with two sticks of the defendant's wood in her arms. But the evidence was objected to and rejected.

Said justice then testified, without objection, that he advised a prosecution and put the complaint in such form as he chose, without consulting the defendant and without any directions from her, and in like manner issued a warrant, and that she had no control or direction of the matter, and merely testified at the trial, and that she then testified to the stealing by the plaintiff of two sticks only.

The plaintiff's counsel called the attention of the jury to the number alleged in the complaint, as evidence of malice. After the jury had been instructed " upon the essential ground of the action, the want of probable cause, and that it was competent to infer malice from this, in a manner satisfactory to the defendant, and to which no exception was taken," the defendant requested that the jury might be instructed as follows: " If the jury find that Mrs. Partridge only stated to the magistrate that she had missed wood and saw Mrs. Olmstead carrying away two sticks, and the magistrate thereupon drew the complaint in such form as he pleased, without any directions in that respect from Mrs. Partridge, then the words 'one hundred sticks,' being an immaterial allegation, would not be evidence of malice or want of probable cause on her part." The judge remarked to

the counsel, in the presence and hearing of the jury, that it could not be evidence of the want of probable cause in any event, but that whether evidence of malice would depend upon whether the magistrate caused it to be inserted without suggestion on her part. No more particular instructions were afterwards requested.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Colburn,* for the defendant.

*W. Gaston,* for the plaintiff.

BIGELOW, C. J. 1. The copy of the record of proceedings before the magistrate was not only competent, but it was the only proper and legitimate method of proving the essential fact of the institution of the prosecution. *Stone* v. *Crocker,* 24 Pick. 87. *Sayles* v. *Briggs,* 4 Met. 421.

2. In actions for malicious prosecution, it has been held to be competent for the defendant to prove, in order to establish the fact of probable cause, that in prosecuting the plaintiff on a criminal charge he acted in accordance with the advice of counsel on a full and correct statement of all the material facts bearing on the case. *Hewlett* v. *Cruchley,* 5 Taunt. 277. *Ravenga* v. *Mackintosh,* 2 B. & C. 693. *Stone* v. *Swift,* 4 Pick. 393. But such testimony has always been limited to communications with counsel or attorneys. Statements made to other persons and advice given by them have never been deemed admissible. The law wisely requires that a party who has instituted a groundless suit against another should show that he acted on the advice of a person who by his professional training and experience and as an officer of the court may be reasonably supposed to be competent to give safe and prudent counsel on which a party may act honestly and in good faith, although to the injury of another. But it would open the door to great abuses of legal process, if shelter and protection from the consequences of instituting an unfounded prosecution could be obtained by proof that a party acted on the irresponsible advice of one who could not be presumed to have better means of judging of the rights and duties of the prosecutor on a given state of facts than the prosecutor himself.

3. The instructions given to the jury were entirely correct. The quantity of wood alleged in the complaint could have no bearing on the question whether the prosecution was instituted without probable cause; but it might show the *animus* of the defendant in making the complaint, if the quantity which she really supposed to have been actually stolen was grossly and wilfully overstated. *Exceptions overruled.*