PAUL PERRENOUD V. JOHN F. HELM.

FILED JUNE 4, 1902.   No. 11,961.

Commissioner's opinion, Department No. 2.

1. **Malicious Prosecution:** ADVICE OF COUNSEL: STATEMENT OF FACTS TO COUNSEL: TESTIMONY OF COMPLAINANT THERETO. In an action for malicious prosecution, where advice of counsel is relied upon as a defense, defendant, who was the complaining witness in the criminal prosecution, should not be allowed to testify that he related all of the circumstances to the attorney whose advice he sought, without stating what such facts and circumstances were.

2. **Good-Faith of Complainant:** GROUND OF BELIEF: TESTIMONY. The defendant in such a case should not be permitted to testify that he believed the plaintiff guilty of the crime with which he charged him, without requiring him to state to the jury the facts and circumstances on which he based his belief.

3. **Bias of Counsel:** KNOWLEDGE OF COMPLAINANT: INSTRUCTION. Where there is some competent evidence tending to show that the attorney consulted by the defendant was not unbiased and unprejudiced in the matter, and that defendant when he sought such advice knew of that fact, the plaintiff is entitled to have the jury properly instructed on that question, and it is error for the trial court to refuse to give such an instruction.

ERROR from the district court for Red Willow county. Tried below before NORRIS, J. *Reversed.*

*Webster S. Morlan,* for plaintiff in error.

*W. R. Starr, contra.*

BARNES, C.

The plaintiff herein commenced an action in the district court of Red Willow county to recover damages alleged to have been sustained by him on account of a malicious prosecution instituted against him by the defendant. The petition was in the usual form, and was sufficient to sustain a verdict in plaintiff's favor. The prosecution complained of was based upon the following complaint:

"STATE OF NEBRASKA, } ss.
RED WILLOW COUNTY. }

"The complaint of John F. Helm, of said county, before me, G. S. Bishop, county judge in and for said county, who being first duly sworn, deposes and says, that on the 4th day of July, 1899, in the county of Red Willow, and state of Nebraska, one William Byfield, one ———— Gladfelter, first name to the affiant unknown; one ———— Gladfelter, first name to this affiant unknown, and one Paul ————, last name to this affiant unknown, then and there being did, with force and arms, and without the permission or consent of John F. Helm, the occupant hereinafter named, unlawfully enter and go upon the cultivated land situated in the county of Red Willow and state of Nebraska, more fully described as follows, to wit: south half of northwest quarter, southwest quarter of southeast quarter of section eighteen, and northeast quarter of northwest quarter of section nineteen, township three, north of range twenty-eight west of the 6th P. M., which said lands at the time of said entry aforesaid, and a long time prior thereto, were occupied by said John F. Helm, the affiant; and the said John F. Helm did then and there, and at the time aforesaid, order, request and demand that the said William Byfield, ———— Gladfelter, first name unknown, ———— Gladfelter, first name unknown, and Paul ————, last name unknown, there being, did refuse upon said request

and demand of said occupant, John F. Helm, to go immediately therefrom, but on the contrary did remain and trespass upon said cultivated lands, and did do damage thereto and to the growing crops thereon, to wit: did cut down and destroy the growing crops thereon, the property of affiant, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska.

"(Signed)                              JOHN F. HELM.

"Subscribed and sworn to before me this 4th day of July, 1899.

"[Seal.]                    G. S. BISHOP, *County Judge*."

The defendant by his answer admitted that he swore to the complaint, and denied each and every allegation in the petition. As a further defense he stated that he commenced the prosecution under the advice of counsel, and alleged that the statements of the complaint were true, and were made in good faith, and upon his own personal knowledge of the facts alleged therein. The plaintiff filed a reply to this answer, which is in part as follows:

"If the defendant advised with the county attorney of said county, in regard to the matters charged in the complaint filed by the defendant, in the case of the state of Nebraska against Paul Perrenoud, plaintiff herein, which plaintiff denies, the said county attorney had been prior thereto employed by the defendant, John F. Helm, to represent him in a civil matter in dispute between the said defendant and one William Byfield, said matter depending on the same state of facts as said criminal prosecution, and any advice which the said county attorney may have given the said defendant in regard to the matter charged in said complaint was given by the said county attorney for the purpose of advancing the personal interests of said defendant, and of aiding and assisting the said defendant in defeating the said William Byfield in the civil matter in dispute between them; all of which facts were, at said time, well known to the defendant; that by reason of the said county attorney having been em-

ployed by the defendant to represent him in such civil matter he was disqualified from advising or counseling the defendant in regard to the merits of said criminal prosecution."

Upon these issues there was a trial to a jury which resulted in a verdict for the defendant, and the plaintiff prosecutes error to this court.

The following facts were shown upon the trial, and are established beyond question: The defendant rented the land over which this controversy has arisen, during the year 1898, from the State University, the undisputed owner thereof, through its board of regents, and paid therefor the sum of $40. One William Byfield had prior possession of the land, and, on obtaining his lease, defendant took possession thereof, and sowed rye on that part of it on which Byfield had an ungathered crop of corn, regardless of his rights therein. The defendant's lease expired on the 1st day of May, 1899, but it contained a provision for extension as follows:

"It is further agreed between the parties hereto that said Helm shall have the option of renewing this lease for one year from May 1st, 1899, upon the payment by him, in cash, in advance, the full rental value of said land upon said first day of May, 1899, but in no case less than $40, annually."

Prior to May 1, 1899, Byfield had offered to pay the university $70 for a lease of the land for that year. Due notice of that fact was given to the defendant, who tendered $40 for a renewal of his lease, and employed W. R. Starr, the county attorney, whose advice he took when he commenced the criminal prosecution complained of in this action, to represent him before the board of regents of the university in attempting to secure the extension of his lease. He refused to pay $70 for an extension, as required by the board, and thereupon the land was duly leased to Byfield for the year 1899, who paid his money therefor, and a written lease was duly executed and delivered to him. All of these facts were fully known to both the de-

fendant and his counsel, the county attorney, upon whose advice he says he relied when he commenced the criminal prosecution. As soon as Byfield had obtained his lease he commenced to build a fence around the land, consisting of posts and one wire. This fence the defendant cut down in several places, and it also appears that this was done under the advice of the county attorney, who was conversant with all of the facts. When Byfield got ready to put some of the land in crop, he ordered his hired hands, of whom the plaintiff was one, to cut down a portion of the rye that the defendant had sown the fall before, and which was scarcely worth cutting, to clear the ground therefor. For obeying this order the plaintiff was arrested on July 4, 1899, on the complaint above set forth, was conveyed from Indianola to McCook, was compelled to plead to the complaint, was required to furnish bail for his release, and to attend court upon the 6th day of July following, for trial, at which time he was dismissed by the county attorney without explanation, and the criminal prosecution thus terminated.

It clearly appears that there was sufficient evidence to sustain a verdict of the jury in favor of the plaintiff for at least nominal damages, and the plaintiff contends that such verdict would have been rendered but for the errors complained of by him.

1. The plaintiff claims that the court erred in permitting the defendant to testify that he laid all of the facts of the case within his knowledge before the county attorney at the time that he took his advice and instituted the criminal prosecution complained of, without stating what facts he so laid before that officer. The evidence on that point is as follows:

Q. When you saw the county attorney did you lay the facts of the case within your knowledge before him? (Objected to as calling for a conclusion. Incompetent; no foundation laid, and leading. Objections overruled. Exceptions.)

A. Well, I came and told him that these men had started to cut the rye.

Q. Answer the question; now answer "yes" or "no."

A. Yes, sir.

Q. I will ask you whether or not you concealed any of the facts with reference to the parties from the county attorney, and, if so, what were they? (Objected to as leading and calling for a conclusion. Overruled. Plaintiff excepts.)

A. I did not.

A complaining witness will·not be allowed to testify that he related all of the circumstances without stating what they were; the inference as to what circumstances would constitute a proper disclosure being for the jury and not for the witness to draw. *Jonasen v. Kennedy,* 39 Nebr., 313. It follows that the court erred in allowing this evidence to go ·to the jury, and such error must have been prejudicial to the plaintiff's rights.

2. It is contended that the court erred in permitting the defendant to testify that he believed the plaintiff guilty of the crime charged in the complaint at the time he instituted the criminal prosecution against him, without requiring him to state the facts and circumstances on which he based his belief. It is the facts and circumstances surrounding the prosecution from which the court or jury is required to determine whether or not there was probable cause for instituting the criminal prosecution. The facts must be such as to cause a reasonably prudent man to believe in the guilt of the person charged, before he will be justified in commencing a prosecution against him. It is therefore of the highest importance that these facts be detailed to the court and jury. It may be that, upon a full consideration of such facts, the court should determine, as a matter of law, that there was or was not probable cause. If, however, that question should be submitted to the jury under proper instructions, then the evidence as to such facts must be before them, in order that they may properly determine the question. The jury in such a case

should be told what facts, under the evidence in the case, if found by them, would constitute probable cause, or want thereof. *Jonason v. Kennedy, supra.* If one could justify setting on foot a criminal prosecution against another by simply saying that he believed that the person charged with the commission of a crime was guilty, no action could ever be maintained for malicious prosecution. We hold that the court erred in not sustaining the plaintiff's objections to this evidence. The county attorney was allowed to give the same answer to this question over plaintiff's objection, and the rule above stated applies with full force to his evidence.

3. The plaintiff claims that the court erred in refusing to give the jury the fourth instruction asked for by him, which is as follows:

"The court instructs the jury that before the defendant could shield himself by the advice of counsel it must appear from the evidence that he made, in good faith, a full, fair and honest statement of all of the material circumstances bearing upon the supposed guilt of the plaintiff which were within the knowledge of the defendant; or which the defendant could, by the exercise of ordinary care, have obtained, to a respectable, unbiased, impartial attorney in good standing, and that the defendant in good faith acted upon the advice of said attorney in instituting and carrying on the prosecution against the plaintiff."

In ordinary cases the refusal to give this instruction would not constitute error, but in the case at bar it is shown that the county attorney, to whom the defendant says he applied for advice, had been the defendant's counsel in the civil matters out of which the criminal prosecution arose. The county attorney frankly admits that he acted for the defendant in all of the transactions relating to the leasing of the land; that he advised him to cut down the fence that Byfield put around it, although he knew that Byfield had obtained and held a lease of the premises for the current year. It was thus shown that he was not

a disinterested attorney, or, in other words, he could hardly be said to be free from bias in the matter.

In *Watt v. Corey*, 76 Me., 87, it was held that it was for the jury to say whether the fact that the attorney under whose advice the defendant acted was also his attorney in a civil action against the plaintiff to recover the money charged to have been embezzled made the attorney an improper adviser.

In *White v. Carr*, 71 Me., 555, it was held that when a person desires to bring an action against another and goes to an attorney who is directly interested in the subject-matter of the suit, and this interest is known to the client, if he takes the opinion of the attorney, so interested, that he has good cause of action, and acts upon it, and it turns out to be erroneous, in an action for malicious prosecution such opinion will not be sufficient to show probable cause though honestly given by the attorney.

In the case at bar there was evidence which tended to show that defendant and his counsel, the county attorney, were using the criminal law to deprive Byfield of his right to the possession of the land in dispute, although they knew he had a valid lease of it from the true owner thereof. We are of the opinion that the instruction should have been given as requested. By refusing it the question of the incompetency of the attorney to give advice, he having been all the time the attorney for the defendant in the matters out of which the criminal prosecution finally arose, was withdrawn from the jury. They should have been properly instructed upon this point, and the failure to so instruct them we can well conclude was prejudicial to the plaintiff's rights.

The record contains many other assignments of error, but having determined that the ones discussed are sufficient to require a reversal of the judgment, we decline to pass upon the other questions. For the foregoing reasons we recommend that the judgment of the district court be reversed, and the cause remanded for a new trial.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

NOTE.—*Malicious Prosecution—Advice of Counsel.* The advice of a justice of the peace is no defense to an action for malicious prosecution. *Olmstead v. Partridge,* 82 Mass., 381.—W. F. B.