## Brobst *versus* Ruff.

1. In an action to recover damages for a malicious prosecution, the defendant cannot be permitted to prove that he acted under the advice of a justice of the peace in instituting the prosecution.

2. In an action for malicious prosecution, it is not error for the court to permit the plaintiff after a trial upon the merits, to amend his narr. by adding thereto a specification of the sum in which he claims to have been damaged.

March 8th 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Lehigh county :* Of January Term 1882, No. 74.

Case, by Josiah Ruff against Willoughby K. Brobst, to recover damages for an alleged malicious prosecution. Plea, not guilty.

The narr., as filed, concluded thus : " Whereof he saith he is worse and has damage, &c. And therefore he brings suit, &c." After verdict the court, on motion of plaintiff, permitted the plaintiff to amend the narr., by inserting after " damage, &c.," the words " one thousand dollars." Exception. (5th assignment of error.)

On the trial, before Albright, P. J., the material facts were as follows :—In March 1879, W. K. Brobst, the defendant,

[Brobst *v.* Ruff.]

made information before Squire Creitz, a justice of the peace, that Josiah Ruff had stolen certain pieces of timber belonging to him, whereupon the justice issued a warrant and Ruff was arrested, and he entered bail for his appearance at court. A bill charging him with larceny was subsequently submitted to the grand jury, and by them ignored, whereupon Ruff brought this suit.

The defendant offered to prove " that he went to Alvin F. Creitz, Esq., a justice of the peace, and that he stated to him all the facts as he had heard them from different parties; that he then asked whether such a statement of facts as before recited by the witness was sufficient to constitute a ground for the charge of larceny against Josiah Ruff, and whether, in the judgment of the justice of the peace, it was sufficient upon which to base a criminal prosecution; that he was then and there advised by the justice of the peace, to that effect, for the purpose of showing that the witness acted with the greatest caution, and for the purpose of showing that he took the advice and counsel of one whom he believed to be more skilled in such matters, and that in pursuance of what Squire Creitz told him he actually did bring this prosecution against Josiah Ruff." Objected to.

THE COURT: It already appears that Squire Creitz took the defendant's information, and issued a warrant on the hearing, and bound over the defendant to the court. The official action of the magistrate already appears. The court is of the opinon, that it is incompetent for the defendant to show the advice, which the committing magistrate gave to him, or the encouragement, excepting so far as it is shown by his official action in the matter. The objection is sustained. Exception. (11th assignment of error.)

Verdict for plaintiff for $136.75. After the amendment of the narr., as above stated, the court overruled a motion in arrest of judgment and for a new trial and entered judgment on the verdict; whereupon the defendant took this writ of error, assigning for error, inter alia, the action of the court in permitting the narr. to be amended after verdict, and the exclusion of defendant's offer of testimony as above.

*Henninger* (*De Walt* with him), for the plaintiff in error.— It was too late, after verdict, to amend the narr. in so essential a matter as the laying of damages: 2 Chitty's Pleading 4 (7th ed.).

There is every reason why the advice of a magistrate, who is a judicial officer, should be of equal weight as that of an attorney in rebutting the allegation of malice and want of probable

[Brobst v. Ruff.]

cause. The question has never been decided by this court, but the rulings of the old District Court of Philadelphia, and of the Common Pleas No. 4, are in support of our contention. In Rosenstein v. Feigel, 6 Phila. 532, HARE, P. J., says, "It is difficult to see why a frank and full disclosure of all the circumstances of a real or supposed wrong to a magistrate, should not follow the same rule (as in the case of an attorney at law) if the magistrate decides, and so informs the complainant that the circumstances detailed constitute the offence for which the arrest is made;" . . . "it would seem obvious that proceedings instituted under such circumstances should not be held malicious and without probable cause, unless enough is disclosed by the evidence to exclude the natural inference that the prosecutor acted in good faith under the advice of the magistrate." This decision was followed by the common pleas in Thomas v. Paynter, 1 W. N. C. 300. In this case the defendant offered to prove that he made a full and fair statement of all he knew concerning the alleged larceny, to the justice, and that he then followed his advice in bringing the prosecution. Magistrates are daily required to decide as to what constitutes probable cause, for without that there can be no binding over or commitment. The law makes them the judge of the advisability of a prosecution and of its justice. This being so, how can it reasonably be said that he who consults them and follows their advice shall be legally responsible if mistake be made? Did the defendant act in good faith? Unless there be evidence to the contrary the presumption of law is that he did, and there is no testimony in the cause showing that he did not use all due caution.

The offer was at least admissible, in connection with other evidence, in mitigation of damages.

*John D. Stiles* (*Harry G. Stiles* with him), for the defendant in error.—The defence of having acted upon professional advice is held to be a peculiar one, and strictly confined to the case of advice obtained from lawyers : Beal v. Robeson, 8 Ired. 276 ; Olmstead v. Partridge, 16 Gray, 381 ; Straus v. Young, 36 Md. 246 ; Walter v. Sample, 1 Casey, 275 ; Hewlett v. Cruchley, 5 Taunt. 277; Ravenga v. Mackintosh, 2 B. & C. 693 ; Stone v. Swift, 4 Pick. 393 ; Snow v. Allen, 1 Stark. 502; Hall v. Suydam, 6 Barb. 84; Cooper v. Utterbach, 37 Md. 282.

A declaration may be amended after verdict in any way that tends to a promotion of justice: Bailey v. Musgrave, 2 S. & R. 219 ; Tassey v. Church, 4 W. & S. 141 ; Trego v. Lewis, 8 P. F. S. 463.

Mr. Justice MERCUR delivered the opinion of the court, October 2nd 1882.

To maintain an action for malicious prosecution, the plaintiff must prove the prosecution to have been made without probable cause, and that the prosecutor was actuated by malice towards the plaintiff. Malice may be inferred from the want of probable cause; but if there be probable cause, it matters not that the prosecution be malicious. If the act be lawful the motives of the prosecutor will not be inquired into. Whether certain facts constitute probable cause, must be determined by the ·court; but, whether such alleged facts exist, is for the jury to find. The law applicable to the case was correctly stated by the learned judge, and we discover no error in the admission of evidence.

The main question arises under the eleventh assignment. The plaintiff in error offered to prove, substantially, that he stated to the justice of the peace, before whom the prosecution was about to be instituted, the facts as he had heard them, and he was advised by the justice that they were sufficient upon which to base a criminal prosecution against the defendant in error. The evidence was rejected.

When a prosecutor fully and fairly submits to his counsel learned in the law all the facts which he knows are capable of proof, and is advised that they are sufficient to sustain a prosecution, and, acting in good faith on that opinion, does institute the prosecution, he is not liable to an action for malicious prosecution, although the opinion be erroneous. Shall the advice of a committing magistrate have the same effect? We think not. Justices of the peace are not required to be learned in the law. In fact, generally through the state they are not. They are not qualified by a course of study to give advice on questions of law. They do not pursue it as a profession. They are not charged with the duty of advising any person to commence a prosecution. They ought not to act as attorney or agent for one in regard to a prosecution he is about to institute before them. Their duties are judicial; they may in the discharge thereof reduce the substance of the complaint to writing, in the form of an information of the prosecutor, then, they judicially determine whether the facts therein averred, be sufficient to justify the issuing of a warrant.

An educated business man may be much better qualified, than many inexperienced justices of the peace, to advise as to the law; yet I am not aware that the advice of such a person has ever been held to protect against damages for a malicious prosecution.

The conclusion at which we have arrived, is not in conflict with any decision of this court. It is the logical sequence of the rule declared in Walter *v.* Sample, 1 Casey, 275. In that

[Lehigh Iron Co. *v.* Rupp.]

case, the prosecutor had acted under the advice of a member of the bar. The protecting power of the rule extends no further than the advice of one learned in the law. In an action for malicious prosecution, the defendant cannot be permitted to prove that he acted under the advice of a magistrate: Straus *v.* Young, 37 Md. 282; Olmstead *v.* Partridge, 82 Mass. 381.

There was no error in permitting the amendment after a trial on the merits.

Judgment affirmed.