## Joseph Beihofer *v.* Loeffert et al., Appellants.

*Malicious prosecution—Probable cause—Discharge by magistrate.*

In an action for malicious prosecution the burden of proof lies on plaintiff to show malice and want of probable cause, and a jury may infer the former from the latter. A discharge by the examining magistrate casts upon defendant the burden of establishing probable cause, unless it appears in plaintiff's testimony. If probable cause is shown it matters not whether the motive of the prosecutor was praiseworthy or malicious.

*Malicious prosecution—Advice of counsel.*

If the defendant in an action for malicious prosecution in good faith sought, obtained, and honestly followed the advice of competent counsel on a full and fair statement of all facts within his knowledge, or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defence to the action.

*Malice—Damages—Advice of justice of the peace—Evidence.*

It is not competent for the defendant in an action for malicious prosecution for the purpose of negativing malice, and in mitigation of damages, to prove that in instituting the prosecution he acted upon the advice of a justice of the peace : Brobst v. Ruff, 100 Pa. 91.

Argued Nov. 13, 1893. Appeal, No. 121, Oct. T., 1893, by defendants, George Loeffert and John Loeffert, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1891, No. 364, on verdict for plaintiff, Joseph Beihofer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for malicious prosecution on charge of perjury.

At the trial, before COLLIER, J., it appeared that plaintiff obtained a judgment against defendants for $90.00 for work in excavating a cellar. Defendants after they had paid the amount of the judgment made an information against plaintiff for perjury in connection with the judgment. A warrant was issued, and plaintiff was arrested, but at the hearing was discharged by the alderman.

Defendants offered to show what they said to the magistrate and what advice the magistrate gave them, for the purpose of negativing malice and in mitigation of damages, and not on the question of probable cause. Objected to as irrelevant. Objection sustained and exception. [2–5]

The court charged in part as follows:

" The defendants say that one of them had a contract for building a house for the plaintiff—difference arose—it is not an outside matter; this prosecution arises in a business transaction between these people.  The father of the young man had a contract to build this house for $650; he built the house and did extra work, and they had a settlement, the amount of which was $700.  They went to the Building and Loan Association, and the plaintiff gave a mortgage or a judgment note to the Building and Loan Association for $500.  They wanted $200 more, and one of the defendants went upon a bond for the other $200, and they got the $700, and that was a settlement for the house. . . . He (the father) alleged he got his money, and there was not a word said at the time about owing $40.00 or about paying any money back; that was a settlement according to the work he had done.  He took the money and went away.  After that matters went along, and it was not until a good while afterwards he found an execution issued against him for $90.00.  The son said they never got any personal notice of that suit, the father did not say anything about it. . . . They went to see about it and found it was too late to take an appeal,—all they could do was to take a stay of execution, which they did, and when the nine months were up made the information for perjury.  Before he made the information they allege they went and inquired what was sworn to before the alderman, and found that the plaintiff claimed $90.00 had been overpaid Mr. Loeffert.  Having inquired about it, and found that that was the case, and believing it was not true, they then made the information. . . . I say to you again if you believe those facts, and believe that the appearances were to them as they stated, and they believed that they had a fair settlement and that this was an effort to get $90.00 that was not due— whether the $90.00 was due or not, if the appearances led them to believe that, then they had a right to make the information and that would be a defence.  It is a question for you, and you will direct your attention to it.] " [6]

" [Look at the case carefully and do both sides justice, bear in mind the law of this class of cases, remembering that this is a contest, not outside, but between people in a business transaction.  You should scan very closely malicious prosecutions

that arise out of business transactions, because you know how differently people will look at a matter of that kind. Otherwise, if you did not, you might very easily have a defendant pay for a house.] " [7]

Defendants' points were among others as follows :

" 2. There is no such absence of probable cause and existence of malice shown as would sustain a verdict, and your verdict must be for the defendants." Refused. [8]

" 4. That under the pleadings and evidence in this case there can be no recovery by plaintiff, and the verdict of the jury ought to be for the defendants." Refused. [9]

Verdict and judgment for plaintiff for $60.00.

*Errors assigned* were (1) that the charge was confusing and misleading; (2–5) rulings on evidence; (6–9) instructions; quoting bills of exceptions and instructions.

*T. H. Baird Patterson*, for appellants, cited : Newell on Mal. Pros., p. 14, § 9, note 2, p. 568, § 2; Dietz v. Langfitt, 63 Pa. 239 ; McCarthy v. DeArmit, 99 Pa. 69 ; Emerson v. Cochran, 111 Pa. 622 ; McClafferty v. Philp, 151 Pa. 86 ; Mahaffey v. Byers, 151 Pa. 92; Sloan v. Schomaker, 136 Pa. 391; Neal v. Hart, 115 Pa. 347.

*Arch H. Rowand, Jr.*, for appellee, cited : Aiken v. Stewart, 63 Pa. 30; Benaer v. Dunlap, 94 Pa. 32.

OPINION BY MR. JUSTICE MCCOLLUM, December 30, 1893 :

It is well settled that in an action for malicious prosecution it lies on the plaintiff to show malice and want of probable cause, and that a jury may infer the former from the latter. A discharge by the examining magistrate casts upon the defendant the burden of establishing probable cause, unless it appears in the plaintiff's testimony. If probable cause is shown it matters not whether the motive of the prosecutor was praiseworthy or malicious. If in good faith he sought, obtained, and honestly followed the advice of competent counsel on a full and fair statement of all the facts within his knowledge, or which he had reasonable cause to believe he was able to prove, the advice so received and acted upon will constitute a defence to the

action.    It is wholly unimportant, so far as the defence is concerned, whether the advice was warranted by the facts submitted to the counsel, as the prosecutor, in this particular, is only responsible for a full and truthful statement of them.    If there is no dispute in relation to the facts it is for the court to determine whether they constitute probable cause; if the evidence as to the facts is conflicting it is for the jury to find them under proper instructions from the court.

In this case the issue in the court below was whether the appellant maliciously and without probable cause prosecuted the appellee for perjury.    As he was discharged by the examining magistrate it was for the appellants to show probable cause for the prosecution, and as they failed to do this to the satisfaction of the jury it is our duty on their appeal to inquire and determine whether the learned court below committed any error which contributed to the result of which they complain.    Specifications 2, 3, 4 and 5 relate to the rejection of their offers to show what they said to alderman Brinker and what he said to them concerning their criminal proceeding against the appellee. The offers were avowedly made for the purpose of negativing malice and mitigating damages, and the real question is whether an opinion obtained from a magistrate on a fair statement by the prosecutor of his case will afford him any protection in a suit brought against him for malicious prosecution.    We think this question was squarely met and decided in Brobst v. Ruff, 100 Pa. 91, where it was held that it was not competent for the defendant in such suit to prove that in instituting the prosecution he acted upon the advice of a justice of the peace.    It was contended in that case as it is in this that the offer was at least admissible in connection with other evidence in mitigation of damages.    The cases relied on by the appellant to sustain their offers are plainly distinguishable from the case cited.    Neall v. Hart et al., 115 Pa. 347, was an action for false imprisonment, and the material question in it was whether the justice had authority to issue the warrant for the arrest of the plaintiff.    In order to determine this question it was necessary to ascertain upon what information he acted in issuing the warrant, and as this was derived from the prosecutor it was held that the latter's statement of the case to the former was admissible.    McCarthy v. De Armit, 99 Pa. 69, was an action against the mayor

and certain police officers of the city of Pittsburgh for false imprisonment, and they were permitted to show the information which induced them to make the arrest. In the cases cited the evidence referred to was admitted for the purpose of showing probable cause for and the absence of malice in the action of the officials. A prosecutor may show that he acted upon information received from reputable private citizens, and such information may constitute probable cause for the prosecution, but their advice to him upon facts within his or their knowledge is not admissible for any purpose. An honest belief in the existence of, and in his ability to prove facts and circumstances which constitute probable cause for the prosecution, will protect him; but the opinion of an alderman or justice of the peace as to their legal effect is not available as a complete or partial defence to the action for it.

The appellants have no reason to complain of the charge. It was quite favorable to them. It fairly presented their evidence, with an instruction that it constituted, if believed by the jury, a good defence to the action. The jury were also instructed in effect that, if the prosecution was instituted by the appellants in an honest though mistaken belief that the facts were as claimed by them, the plaintiff could not recover. Surely these instructions were all that the appellants could properly ask for under the law applicable to the evidence in the case.

The specifications of error are overruled.

Judgment affirmed.