# Boyd, Appellant, *v.* Kerr.

216        259
220      ¹ 64

*Malicious prosecution—Probable cause—Reasonable grounds of belief—Evidence.*

In an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the prosecutor's belief of the existence of probable cause based on reasonable grounds.

Where there has been a failure to show a want of probable cause, it is

the duty of the court to enter a nonsuit or to direct a verdict for the defendant. If the facts are in dispute, their ascertainment is of course for the jury. But what is probable cause and whether it exists under an admitted or clearly established state of facts is a question of law for the court.

In an action for malicious prosecution a nonsuit is properly entered where it appears from the plaintiff's own case that the defendants acted, from knowledge that a fire apparently of incendiary origin had occurred, that two persons only, plaintiff and a friend, were known to have been in a position where it was possible to have caused it, and that the plaintiff might have a motive because of insurance on property, and had given an improbable explanation of what he exhibited as a prior attempt of someone to set fire to his property.

Argued Oct. 12, 1906. Appeal, No. 39, Oct. T., 1906, by plaintiff, from order of C. P. Clarion Co., Aug. T., 1900, No. 19, refusing to take off nonsuit in case of L. C. Boyd v. Thomas Kerr and S. H. Kaster. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before LINDSEY, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*J. T. Maffett* and *W. A. Hindman,* with them *J. W. Maffett* and *W. L. McCracken,* for appellant.—The case was for the jury : Phipps v. Sharps, 142 Pa. 597 ; McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171 ; Boyd v. Snyder, 207 Pa. 330 ; Markley v. Snow, 207 Pa. 447 ; Brubaker v. Taylor, 76 Pa. 83 ; Bell v. Atlantic City R. R. Co., 202 Pa. 178 ; MacDonald v. Schroeder, 214 Pa. 411.

*A. A. Geary* and *F. J. Maffett,* with them *Cadmus Z. Gordon* and *David F. Patterson,* for appellees.—It is the duty of the court to declare as a matter of law whether the facts do or do not constitute probable cause for the prosecution ; and where they do show probable cause to direct a verdict for the defendant or enter a compulsory nonsuit, as the case may be : McCarthy v. De Armit, 99 Pa. 63 ; Smith v. Ege, 52 Pa. 419 ; Mahaffey v. Byers, 151 Pa. 92 ; Travis v. Smith, 1 Pa. 234 ;

Beach v. Wheeler, 30 Pa. 69; Dietz v. Langfitt, 63 Pa. 234; Bryant v. Kuntz, 25 Pa. Superior Ct. 102; Bruff v. Kendrick, 21 Pa. Superior Ct. 468; Brobst v. Ruff, 100 Pa. 91; Beihofer v. Loeffert, 159 Pa. 365; Walbridge v. Pruden, 102 Pa. 1; Huckestein v. Insurance Co., 205 Pa. 27; Mitchell v. Logan, 172 Pa. 349; Scott v. Dewey, 23 Pa. Superior Ct. 396; Auer v. Mauser, 6 Pa. Superior Ct. 618; Ruffner v. Hooks, 2 Pa. Superior Ct. 278.

OPINION BY MR. JUSTICE FELL, January 7, 1907:

This was an action for malicious prosecution. A nonsuit was entered because of the failure of proof that the prosecution was instituted without probable cause. The plaintiff, in addition to the proof of his acquittal of the crime of arson with which he had been charged, showed all the circumstances connected with the fire, and by calling the defendants as witnesses he opened the door for them to prove the facts on which they had acted in bringing the prosecution as they had appeared to them at the time.

It appeared from the evidence that the plaintiff was conducting a store in a town of 400 inhabitants. A week or ten days before the fire in question, there had been a fire of unexplained origin at night in a building within a few feet of his store, which was extinguished before any serious injury had been done. The day before the fire by which his store and stock of goods were consumed, he called in some of his neighbors, among whom was one of the defendants, and showed them what he claimed to be evidence of a second attempt to set fire to the store, which from his explanation made at the time could have been accomplished only by someone entering his store through a 9 x 12 opening in a window sash. Because of these occurrences the citizens of the town were greatly alarmed and appointed three watchmen to patrol the streets at night. On the night of the fire the plaintiff had procured the key of a door opening into an adjoining building in order to have a means of escape from his store "if anything should happen," and had induced a friend to sleep in the store with him. Between twelve and one o'clock at night the fire was discovered by the watchmen in a second-story room, the windows of which were fifteen feet above the ground. This fire spread rapidly and

consumed the plaintiff's store and its contents, on which he had a large insurance, and a number of buildings in the town, which belonged to others.

This was the situation when the defendants acted and in the light of which their acts were to be judged,—a fire apparently of incendiary origin and two persons only, the plaintiff and his friend, known to have been in a position where it was possible to have caused it, one of whom might have a motive because of the insurance and had given an improbable explanation of what he exhibited as a prior attempt of someone to set fire to his store.

Under this state of facts shown by the plantiff's testimony, it was not error to hold that there had been a failure to show a want of probable cause. Circumstances that were calculated to excite suspicion at the time and to induce action by a reasonably prudent person were no doubt explained at the trial in the criminal court, and we assume the entire innocence of the plaintiff. But in an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the prosecutor's belief of the existence of probable cause based on reasonable grounds: Mitchell v. Logan, 172 Pa. 349.

Where there has been a failure to show a want of probable cause, it is the duty of the court to enter a nonsuit or to direct a verdict for the defendant. If the facts are in dispute, their ascertainment is of course for the jury. But what is probable cause and whether it exists under an admitted or a clearly established state of facts is a question of law for the court: Mahaffey v. Byers, 151 Pa. 92; Huckestein v. Insurance Co., 205 Pa. 27.

The judgment is affirmed.