## Robitzek, Appellant, *v.* Daum.

220        61
138SC ²221

220        61
226    ¹526

*Malicious prosecution—Probable cause—Belief of prosecutor—Evidence—Province of court and jury.*

To support an action for malicious prosecution the plaintiff must show want of probable cause. While it is exclusively the province of the jury to pass upon the testimony and ascertain the facts, it is the duty of the court to say, as a matter of law, whether the facts established do or do not amount to probable cause. What is probable cause and whether it exists under an admitted or clearly established state of facts is a question of law for the court.

In an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the belief of the prosecutor in the existence of probable cause, based on reasonable grounds. The question does not depend upon the actual state of facts in the case, but upon the honest and reasonable belief of the prosecutor. It is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense.

Argued Nov. 14, 1907.   Appeal, No. 215, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March Term, 1904, No. 650, on verdict for defendant in case of

Louisa Robitzek v. Edward Daum.  Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before Swearingen, P. J.

At the trial it appeared that the plaintiff had been arrested on the information of the defendant for the larceny of two pair of blankets and a pillow.  At the trial in the quarter sessions she was acquitted and the costs imposed upon the prosecutor.

In an opinion refusing a new trial Swearingen, P. J., stated the facts to be as follows:

The plaintiff was tenant in a house near that of the defendant.  A landlord's warrant was issued and the plaintiff's household goods were seized for rent in arrear.  On an afternoon, when plaintiff was absent from home, a sale of the property took place, upon said landlord's warrant.  There was no evidence, however, that the plaintiff did not have legal notice of the sale.  Among other property which plaintiff had, there was a "folding bed."  This bed had, inside of it, the usual and ordinary bedclothing.  It was bought for and belonged to the folding bed and was part of its furnishings.  It was never taken away from the bed, except for airing or washing, and on the day of sale it was inside the folding bed.  The said bed and its contents were put up for sale and they were purchased by an outside party, who sold them to the wife of the defendant, to whom they were delivered; and the goods were then removed to the defendant's house.  Afterwards, this bedding, including the pair of blankets and pillow hereinafter mentioned, were put out in the defendant's yard, for airing, or some such purpose.  This yard was near the plaintiff's house.  In fact, there was evidence that the yard was common to the houses of both plaintiff and defendant and to other houses in the same immediate neighborhood.  But this was disputed.  The plaintiff went to the office of the constable who had charge of the landlord's warrant and obtained from someone the following lead pencil memorandum:

"Folding bed, $14.00.  W. J. Morris."

It appeared from the evidence that the sale was not con-

ducted by W. J. Morris, but by Samuel Morris, his brother, who is now dead. There was evidence that the signature to the above paper is not in the handwriting of W. J. Morris, although the plaintiff testified that she obtained the paper from W. J. Morris. Having obtained this paper, the plaintiff, on the following day of the sale, went to the place where this bedding was being aired and carried away a pair of blankets and a pillow.

When the defendant's family discovered what plaintiff was doing, they prevented her from taking the remainder of the bedding.

When the defendant returned home in the evening, he was informed that plaintiff had come to his yard and had taken away this pair of blankets and pillow, and of the circumstances under which this was done. He went before an alderman and made an information, a warrant was issued and plaintiff was arrested. After hearing she was held for court. The grand jury returned an indictment against her for larceny. At the trial she was found not guilty. She then brought this action for malicious prosecution.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*T. H. Davis,* for appellant, cited: Travis v. Smith, 1 Pa. 234; Miller v. Hammer, 141 Pa. 196; McCarthy v. De Armit, 99 Pa. 63; Walbridge v. Pruden, 102 Pa. 1; Smith v. Walter, 125 Pa. 453; Grohmann v. Kirschman, 168 Pa. 189; Ritter v. Ewing, 174 Pa. 341.

*W. G. Negley,* for appellee, cited: Bernar v. Dunlap, 94 Pa. 329; Laughlin v. Clawson, 27 Pa. 328; Mitchell v. Logan, 172 Pa. 349; Ritter v. Ewing, 174 Pa. 341; Kirkpatrick v. Kirkpatrick, 39 Pa. 388; Wheeler v. Nesbitt, 65 U. S. 544; Beihofer v. Leofert, 159 Pa. 374.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908:

To support an action for malicious prosecution the plaintiff must show want of probable cause. While it is exclusively

the province of the jury to pass upon the testimony and ascertain the facts, it is the duty of the court to say, as a matter of law, whether the facts established do or do not amount to probable cause. What is probable cause and whether it exists under an admitted or clearly established state of facts is a question of law for the court : Walbridge v. Pruden, 102 Pa. 1 ; Boyd v. Kerr, 216 Pa. 259. In an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the belief of the prosecutor in the existence of probable cause, based on reasonable grounds: Mitchell v. Logan, 172 Pa. 349. The question does not depend upon the actual state of facts in the case, but upon the honest and reasonable belief of the prosecutor : Gilliford v. Windel, 108 Pa. 142. It is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense : Ritter v. Ewing, 174 Pa. 341. The learned court below at the conclusion of the testimony directed the jury to return a verdict for defendant because plaintiff had failed to show want of probable cause. A motion for a new trial was filed, and after full consideration was refused on the ground that the undisputed evidence showed probable cause for the institution of the prosecution. It is a close case and not entirely free from doubt, but on the whole we think the conclusion reached by the court below was the correct one. If the defendant, on information received from his wife, believed that the folding bed and its contents, including the blankets and pillow, had been purchased at the sale under proceedings for distress and had been delivered into the possession of his wife, as her or his property ; and that plaintiff had come into his yard and carried away the whole or part of the goods which belonged to him in such a manner as to indicate a suspicion of theft or an intention to steal, there can be no doubt that within the meaning of the law he had probable cause for making an information charging larceny. The probable cause did not depend upon these facts being absolutely true, the test being, did he honestly believe them to be true at the time he made the information and was the belief based on reasonable grounds ? We think the testimony produced at the trial was sufficient to jus-

tify the court in holding that under the established facts the defendant acted in the honest belief that plaintiff was guilty of the offense, and that the burden resting upon her in this case to show want of probable cause had not been met.

Judgment affirmed.