# Sheldrake, Appellant, *v.* Rumpf.

# Holt, Appellant, *v.* Rumpf.

# Hahn, Appellant, *v.* Rumpf.

*Malicious prosecution—Principal and agent—Authority of agent —Probable cause—Malice.*

A principal may be held liable for the act of his agent in instituting a malicious prosecution; but the act of the agent becomes that of the principal only where expressly authorized, or where his authority to act may be fairly inferred from the nature and scope of his employment.

Where in an action for malicious prosecution, the plaintiff's own evidence shows probable cause, offers of evidence made in support of the allegation of malice are properly rejected as immaterial, and the burden of proof in such a case is on the plaintiff both as to malice and want of probable cause.

What is probable cause, and whether it existed under an admitted and clearly established statement of facts is a question of law for the court.

In an action for malicious prosecution, a nonsuit is properly entered, where it appears, that the plaintiffs were arrested after they had defied the direction of the defendant's agent to vacate premises which had been regularly delivered to him by the sheriff and after they had been given a reasonable time to withdraw peaceably.

Argued Oct. 10, 1917.   Appeals, Nos. 152, 153 and 154, Oct. T., 1917, by plaintiffs, from order of Municipal Court, Philadelphia Co., May T., 1916, Nos. 491, 492, 493, refusing to take off nonsuit in cases of George B. Sheldrake, Jr., v. Gustav Rumpf, Charles Holt v. Gustav Rumpf and Virginia Hahn, by her father and next friend, Patrick Conway, v. Gustav Rumpf.   Before OR-LADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass for malicious prosecution.   Before GOR-MAN, J.

At the trial it appeared that defendant was owner of

premises which he had leased for a skating rink. The tenant being in default judgment was entered in eject- ment under a clause of the lease, and the premises were delivered by the sheriff to an attorney acting on behalf of the owner. After this delivery was made, the plain- tiffs went upon the premises, defied the direction of the defendant's agent to leave, and took possession of the box office of the skating rink. They were given time to leave, but refusing to do so, the attorney personally swore out a warrant for their arrest. They were bound over for trial. When their case was called for trial they stated to the court that they were not then interfering with possession, and they were discharged.

The court entered a compulsory nonsuit which it sub- sequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Herbert W. Salus,* with him *Simon Garlic* and *Samuel W. Salus,* for appellants.

*Paul C. Hamlin,* with him *Wm. Jay Turner,* for ap- pellee.

PER CURIAM, December 13, 1917:

Three cases were tried before one jury by an agree- ment of counsel; a nonsuit was entered which the court subsequently refused to lift. Separate appeals were tak- en, and argued together in this court. The actions were trespass, for false imprisonment and malicious prosecu- tion. There is nothing in this record to connect the de- fendant with the institution of the proceedings before the magistrate, through which the three plaintiffs were ar- rested. The converse is clearly shown, that he did not direct or know anything in regard to it until this suit was begun. No authority of the agent to have the plain- tiffs arrested was shown, nor can any be inferred from the admitted facts. Undoubtedly a principal may be

held liable for the act of his agent in instituting a malicious prosecution.   But the act of the agent becomes that of the principal only where expressly authorized, or where his authority to act may be fairly inferred from the nature and scope of the employment: Markley v. Snow, 207 Pa. 447.   It is just as apparent, as developed by the plaintiff's testimony, that there was probable cause for their arrest; they defied the direction of the defendant's agent to vacate the premises which had been regularly delivered to him by the sheriff in pursuance of a writ of habere facias, regular on its face, and unchallenged in any way; they were given a reasonable time to withdraw peaceably and had no legal right to remain. We held in Scott v. Dewey, 23 Pa. Superior Ct. 396, that where in an action for malicious prosecution the plaintiff's own evidence shows probable cause, offers of evidence made in support of the allegation of malice are properly rejected as immaterial, and that the burden of proof in such a case is on the plaintiff, both as to malice and want of probable cause.   If the admitted facts amount to probable cause, a verdict for the defendant should be directed by the court.   What is probable cause and whether it existed under an admitted and clearly established state of facts, is a question of law for the court: Robitzek v. Daum, 220 Pa. 61.

The nonsuit was properly entered and the judgment is affirmed.