# Wolf *v.* Stern, Appellant.

*Malicious prosecution—Probable cause—Province of court.*

In an action for malicious prosecution it appeared that the plaintiff secured possession of an automobile under a written lease providing, among other conditions, that he should not let or dispose of the same without the consent of the defendant, and giving defendant the right to declare the lease void in default of any of the conditions. Where the plaintiff while in default sold the car to an unknown person and refused to return it after repeated demands and the defendant instituted ɪrosecution for larceny by bailee, the court should instruct the jury that probable cause for such prosecution had been made out and direct a verdict for defendant.

Probable cause does not depend upon the guilt or innocence of the plaintiff, but upon appearances deduced from facts, known to the defendant and information received by him and properly investigated of a character to produce in the mind of a reasonably prudent and cautious person, the honest belief that the crime charged had been committed.

While it is exclusively the province of the jury to pass upon disputed testimony and ascertain the facts, it is as much the duty of the court to say, as matter of law, whether the facts established do or do not amount to probable cause.

Argued Oct. 11, 1918. Appeal, No. 241, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia Co., March T., 1918, No. 83, on verdict for plaintiff in case of Joseph Albert. Wolf v. Milton Stern, trading as Auto Transit Co. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for malicious prosecution. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $557. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Owen J. Roberts,* and with him *Maxwell J. Pestcoe,* for appellant.—The admitted facts constitute probable cause for the prosecution and the case should have been withdrawn from the jury: Smith v. Walter, 125 Pa. 453 (1889) ; Bell v. Atlantic City R. R. Co., 202 Pa. 178 (1902) ; Humphreys v. Mead, 23 Pa. Superior Ct. 415 (1903) ; Gow v. Adams Express Co., 61 Pa. Superior Ct. 115 (1916) ; Robitzek v. Daum, 220 Pa. 61 (1908) ; Sheldrake v. Rumpf, 68 Pa. Superior Ct. 546 (1917).

*F. Carroll Fow,* and with him *Nathan Griffith,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

In this action of trespass for malicious prosecution the jury rendered a verdict in favor of the plaintiff. The defendant had requested binding instruction in its favor and subsequently moved for judgment non obstante veredicto, which was dismissed, and this appeal alleges this action of the court to be erroneous. Submitting the question of probable cause to the jury depends entirely on whether there were any substantial facts in dispute. If it be made to appear there was probable cause for beginning the prosecution complained of, a complete legal defense is made out, and its existence or nonexistence is a legal conclusion to be drawn from established facts. If the facts necessary to support such conclusion are admitted or established by uncontradicted evidence, it becomes the duty of the court to declare as a matter of law that such defense has or has not been made out: Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164; Gow v. Adams Express Co., 61 Pa. Superior Ct. 115. If the admitted facts in such a case amount to probable cause, a verdict for the defendant should be directed by the court: Smith v. Ege, 52 Pa. 419; Ritter v. Ewing, 174 Pa. 341; Robitzek v. Daum, 220 Pa. 61; Sheldrake v. Rumpf, 68 Pa. Superior Ct. 546. Probable cause does not depend upon the guilt or innocence of the plaintiff, but upon ap-

pearances deduced from facts known to the defendant and information received by him and properly investigated, of a character to produce in the mind of a reasonable, prudent and cautious person the honest belief that the crime charged had been committed : Humphreys v. Mead, 23 Pa. Superior Ct. 415. To support the action the plaintiff must show want of probable cause. While it is exclusively the province of the jury to pass upon disputed testimony and ascertain the facts, it is as much the duty of the court to say as a matter of law, whether the facts established do or do not amount to probable cause. Applying the foregoing well recognized rules to the undisputed facts of the case, it was the duty of the court to affirm the request for binding instructions as presented by the defendant. The plaintiff secured possession of an automobile from the defendant, under a written lease, which provided that he should not sublet or dispose or remove it from Philadelphia County without the consent of the defendant ; that he would surrender it upon default or upon the expiration of the lease in good condition ; if he failed to pay the rent as therein set forth or violate any of the other covenants mentioned in the lease the defendant had the right to declare the lease void, and to take immediate possession of the property ; the plaintiff waived and released any claim or right to bring any action therefor, which clearly recognized the title of the automobile to be in the defendant until the covenants in the lease were fully complied with. It is admitted that despite these positive provisions the plaintiff allowed himself to be in default in making payments, and while so in default he sold the car to a person whose name and address he could not furnish ; that while in default he refused to return it after repeated demands by the defendant. It further appears that before the institution of the prosecution for larceny by bailee of the car, the defendant had made a full and honest disclosure of the facts in the case to his attorney, who, after full examination of the facts as subsequently confirmed on the trial,

advised the issuance of a warrant against the plaintiff on the charge of larceny by bailee. In the charge to the jury the trial judge said, referring to the crime of larceny by bailee, "that the crime is committed when one person acquires the property of another by lawful means and, thereafter, with felonious intent misappropriates that property to his own use, to the detriment and injury of the rightful owner." With these undisputed facts presented to the court, it was its duty to say to the jury, that probable cause for the apprehension of the plaintiff was made out, and that the verdict in the case then on trial should be for the defendant. The point for binding instructions should have been affirmed.

The assignments of error are sustained, the judgment is reversed, the record to be remitted to the court below with direction to enter judgment in favor of defendant n. o. v.