## Stratton *v.* Jordan, Appellant.

*Malicious prosecution—Probable cause—Binding instructions—Duty of trial judge.*

If it be made to appear in an action for malicious prosecution that there was probable cause for beginning the prosecution complained of, a complete legal defense is made out. In a case where the evidence of the plaintiff alone is proof of probable cause to the defendant, the trial judge should have affirmed defendant's point for binding instructions, or should subsequently have entered judgment non obstante veredicto.

596, (1921).]   Statement of Facts—Opinion of the Court.

Argued October 19, 1921.   Appeal, No. 148, Oct. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 1900, on verdict for plaintiff in the case of William H. Stratton v. J. S. Jordan.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Trespass for malicious prosecution.   Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000.   Subsequently a remittitur was filed of all in excess of $1,200, and judgment was entered thereon.   Defendant appealed.

*Error assigned,* among others, were refusal of defendant's motions for new trial and for judgment non obstante veredicto.

*Thos. O. Haydock, Jr.,* for appellant.—To support an action for malicious prosecution plaintiff must show want of probable cause and it is for the court to say as a matter of law whether or not the facts established amount to probable cause: Wolf v. Stern, 71 Pa. Superior Ct. 191; Sheldrake v. Rumpf, 68 Pa. Superior Ct. 546; Gow v. Adams Express Co., 61 Pa. Superior Ct. 115; Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164; Robitzek v. Daum, 220 Pa. 61.

*Eugene Raymond* and *John Martin Doyle,* for appellee.

OPINION BY LINN, J., November 21, 1921:

This is an appeal from a judgment for plaintiff obtained in an action for alleged malicious prosecution. Appellant contends the court should have directed a verdict for him or should subsequently have entered judgment non obstante veredicto upon the ground that plain-

tiff failed to show such absence of probable cause for prosecution as would permit submitting the case to the jury.

The decision must be governed by Robitzek v. Daum, 220 Pa. 61, and Wolf v. Stern, 71 Pa. Superior Ct. 191. The prosecution grew out of plaintiff's employment in 1917, to sell shares of stock of corporation of which defendant was treasurer. Plaintiff testified he was engaged to sell stock in the International Motor Clubs Association and to secure members for the National Advisory Board of Directors. He said he procured several hundred members and also sold stock. His headquarters at first were in Trenton, New Jersey, and later in New York. He testified that when he received "membership dues or initiation fees" he sent them to Philadelphia. The employment ceased on or prior to May 14, 1917, on which date counsel for the corporation in writing demanded the delivery by plaintiff to the corporation of all its property in his possession as well as "checks ......received by you in the course of your employment, which you have not already turned over to them or which may have come into your possession since your relationship was severed with the association." On May 15th plaintiff acknowledged receipt of that demand by saying, "Yours of 14th received. Have referred same to my attorney—don't get excited about taking action for any alleged threats, anything I find necessary to do will be along strictly legal lines. Although perhaps not by the ordinary methods." The record shows that about May 5, 1917, plaintiff received a check for $100 for the corporation from one Goodrich. He never delivered it to his employer. On May 26, 1917, the appellant who was treasurer of the corporation, made the information upon which the warrant of arrest was issued; the information contained a statement, among others, that plaintiff had received the check for $100 referred to, that he had declined to deliver it to the association and had "fraudulently converted and embezzled the same to

his own uses." Defendant was brought before a magistrate, admitted to bail, and finally, the prosecution being withdrawn without hearing on the merits, plaintiff was discharged.

He testified that he had received the check for $100 and that he had not delivered it to the corporation but that he had ultimately returned it to the man from whom he received it, without advising his employer what he had done with the check. A number of other checks made payable to the corporation, which plaintiff endorsed in the name of the corporation and collected, were received in evidence. He testified that he had been authorized by an officer of the company to use them.

Excluding the magistrate who produced his docket showing the issuance of the warrant and proceedings thereon, the only witnesses called were plaintiff and defendant. The evidence of the plaintiff alone, without considering the denials of part of plaintiff's testimony by defendant or the advice of counsel upon which defendant testified he acted in instituting the prosecution, is such proof of probable cause for the prosecution as prevents recovery in this action. The learned trial judge should therefore have affirmed defendant's point for binding instructions or should subsequently have entered judgment non obstante veredicto.

In Robitzek v. Daum, supra, it is said, "What is probable cause and whether it exists under an admitted or clearly established state of facts is a question of law for the court: Walbridge v. Pruden, 102 Pa. 1; Boyd v. Kerr, 216 Pa. 259. In an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the belief of the prosecutor in the existence of probable cause, based on reasonable grounds: Mitchell v. Logan, 172 Pa. 349. The question does not depend upon the actual state of facts in the case, but upon the honest and reasonable belief of the prosecutor: Gilliford v. Windel, 108 Pa. 142. It is a reasonable

ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense: Ritter v. Ewing, 174 Pa. 341."

In Wolf v. Stern, supra, this court said, "If it be made to appear there was probable cause for beginning the prosecution complained of, a complete legal defense is made out and its existence or nonexistence is a legal conclusion to be drawn from established facts. If the facts necessary to support such conclusion are admitted or established by uncontradicted evidence, it becomes the duty of the court to declare as a matter of law that such defense has or has not been made out......If the admitted facts in such a case amount to probable cause, a verdict for the defendant should be directed by the court." It was appellant's duty as treasurer to collect the accounts of the corporation. Plaintiff concedes that he received the check in question and that he neither delivered it to the corporation nor explained what he did with it; it is not contended that the corporation authorized him to deliver it to the drawer; he endorsed and collected other checks made payable to the corporation; at first he denied that a demand had been made on him for this check but he conceded that it had, when confronted with his letter acknowledging the demand. When he severed his relations with the corporation, he had the check. In such circumstances, after waiting from May 15th to May 26th when the information was made on which the warrant was obtained, a reasonable man might well conclude what the treasurer of this corporation concluded, that plaintiff had converted the check to his own use, and since that all appears in plaintiff's own testimony, with nothing in defendant's testimony to relieve him, he has himself shown probable cause and is not entitled to recover.

The second assignment of error is sustained and the record is remitted with instructions to enter judgment for defendant non obstante veredicto.