# Taylor *v.* American International Shipbuilding Corporation, Appellant.

*Malicious prosecution—Malice—Probable cause—Reasonable belief—Mistake—Province of court and jury—Failure to deny charge before arrest.*

1. Prosecutions for crime are presumed to have been properly instituted, and, to sustain an action for malicious prosecution, malice and want of probable cause must be proved by plaintiff.

2. Probable cause is a reasonable belief in known or reported circumstances, sufficiently inculpatory, and adequate to justify a prudent man in acting as prosecutor of a crime against the accused. It does not depend on guilt or the actual existence of the reported facts, but is based on an honest and reasonable belief in their existence.

3. Representation of others may be sufficient foundation for it, especially if made by those who have had opportunities for knowledge. He who has reasonable ground for belief of guilt stands acquitted of liability, although he subsequently learns his mistake.

4. It is exclusively for the jury to pass on the testimony, but the court must say, as a matter of law, whether the facts proven show probable cause.

5. Generally it is a mixed question of law and fact, and, where the facts are in dispute, they must be submitted to the jury, who should be instructed as to what facts constitute probable cause.

6. If all the admitted facts, and the reasonable inferences therefrom, amount to probable cause, the court should so declare it, and direct a verdict for defendant.

7. Where a person is charged with a crime and makes no denial before arrest, and does not assert that the charge is a mistake, such conduct on his part is, in a subsequent action for malicious prosecution, material evidence as to the honesty of belief and good faith of defendant in instituting the prosecution, where the prosecutor has knowledge of this fact before beginning the suit.

Argued March 23, 1922. Appeal, No. 276, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 4494, on verdict for plaintiff, in case of Robert Taylor v. American International Shipbuilding Corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Reversed.

Trespass for malicious prosecution.   Before BAR-
RATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000.   De-
fendant appealed.

*Error assigned,* inter alia, was refusal of judgment for
defendant n. o. v., quoting record.

*Wm. Y. C. Anderson,* with him *George W. Coles,* U. S.
Attorney, for appellant.—Appellant's denial that the
court had jurisdiction over the subject-matter of this
action casts upon appellee the burden of upholding that
jurisdiction: Stanley v. Schwalby, 162 U. S. 255; Carr
v. U. S., 98 U. S. 433; Wells v. Roper, 246 U. S. 335;
Rixon v. Telegraph Co., 271 Pa. 67; Sloan Shipyards v.
Fleet Corp., 268 Fed. 624; Keeley v. Kerr, 270 Fed. 874.

Appellant's evidence on no material point contradicted
that of appellee, but simply emphasized and enlarged the
indications that appellant had probable cause for arrest-
ing and prosecuting appellee as those indications ap-
peared in appellee's case: Brown v. Waite, 38 Pa. Supe-
rior Ct. 216; Robitzek v. Daum, 220 Pa. 61; Wolf v.
Stern, 71 Pa. Superior Ct. 191; Stratton v. Jordan, 77
Pa. Superior Ct. 596; Roessing v. Rys., 226 Pa. 523;
McCarthy v. DeArmit, 99 Pa. 63; Smith v. Ege, 52 Pa.
419; Cooper v. Hart, 147 Pa. 594.

*W. B. Gery,* for appellee, cited: Hess v. Heft, 3 Pa.
Superior Ct. 582; Haines v. Emergency Fleet Corp., 268
Pa. 92; Kane v. Shipbuilding Corp., 75 Pa. Superior Ct.
505.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

Prosecutions are presumed to have been properly in-
stituted, and, to sustain an action for malicious prosecu-
tion, malice and want of probable cause must be proved
by the plaintiff: McCarthy v. DeArmit, 99 Pa. 63, 69;

Beihofer v. Loeffert, 159 Pa. 374, 376; Robitzek v. Daum, 220 Pa. 61, 63.

Probable cause is a reasonable belief in known or reported circumstances, sufficiently inculpatory, and adequate to justify a prudent man in acting as prosecutor of a crime against the accused. It does not depend on guilt, or the actual existence of the reported facts, but is based on an honest and reasonable belief in their existence.

Representations of others may be sufficient foundation for it, especialy if made by those who have had opportunities for knowledge. He who has reasonable ground for belief of guilt stands acquitted of liability, although he subsequently learns his mistake: McCarthy v. De-Armit, supra; Beihofer v. Loeffert, supra; Robitzek v. Daum, supra.

It is exclusively for the jury to pass on testimony, but the court must say, as a matter of law, whether the facts proven show probable cause. Generally, it is a mixed question of law and fact, and, where the facts are in dispute, they must be submitted to the jury, who should be instructed as to what facts constitute probable cause. But, if all the admitted facts, and the reasonable inferences therefrom, amount to probable cause, the court must so declare, and direct a verdict for defendant: Robitzek v. Daum, supra, p. 64; Boyd v. Kerr, 216 Pa. 259, 262; Roessing v. Pittsburgh Rys. Co., 226 Pa. 523, 526; McCoy v. Kalbach, 242 Pa. 123, 125; Wolf v. Stern, 71 Pa. Superior Ct. 191, 192; Stratton v. Jordan, 77 Pa. Superior Ct. 596, 599; Smith v. Ege, 52 Pa. 419, 422; Brobst v. Ruff, 100 Pa. 91, 94; Beihofer v. Loeffert, supra; Cooper v. Wm. R. Hart & Co., 147 Pa. 594, 607; Mahaffey v. Byers, 151 Pa. 92, 96; Bryant v. Kuntz, 25 Pa. Superior Ct. 102, 105; Burford v. Richards (No. 1), 58 Pa. Superior Ct. 8, 13; Jackson v. Hillerson, 59 Pa. Superior Ct. 508, 515; Sheldrake v. Rumpf, 68 Pa. Superior Ct. 546, 548. Particularly is this true where plaintiff's own evidence shows the existence of probable cause:

Bernar v. Dunlap, 94 Pa. 329, 331; Boyd v. Kerr, supra, p. 262; Cole v. Reece, 47 Pa. Superior Ct. 212, 215.

The jury is not at liberty to find a fact without evidence, and if all the admitted facts on both sides amount to probable cause, the court should direct a verdict for defendant, even if malice is clearly proven: Rossing v. Pittsburgh Rys. Co., supra, p. 526.

Appellant, engaged in the greatest shipbuilding enterprise in the history of the world, was somewhat hampered in its work in the spring and summer of 1918 through the constant thefts at night of automobiles, accessories and tires from its garage. Operatives were assigned the case to thoroughly investigate and discover the criminals. The police department of Philadelphia assisted. These officers made an investigation extending over a period of several months, reporting daily to their superiors. Suspicion rested on appellee and three or four other men who worked at night in and about the garage, a man by the name of McWhorter being connected with them. This last named employee suddenly left appellant's service; his whereabouts were discovered in a Georgia jail where he was awaiting trial for larceny. The Georgia authorities surrendered him to the temporary custody of appellant, and he was taken to Philadelphia. On his way and after arriving there, he made statements concerning these thefts, later reduced to writing, wherein he charged appellee specifically with the larceny of an automobile, a magneto and other accessories.

It appears in plaintiff's case that, based upon this information, the reports of officers and the result of his own investigation, one Vallely, an employee of appellant and special deputy sheriff for Delaware County, charged appellee with the larceny of an automobile, accessories and tires. Appellee states that, when arrested, this officer informed him he was charged with being connected with the larceny of $20,000 worth of automobiles, etc.; that McWhorter, appellee's friend, had made a

statement to Vallely implicating him in this thievery and selling the loot, afterwards spending the money received from these sales in and about town. McWhorter worked with plaintiff at the garage and went about with him in the evenings; appellee considered him a friend.

At that time, plaintiff made no denial of his guilt, and suggested nothing to Vallely indicating there might be a mistake. So, while appellant was acting, as plaintiff's case shows, partially on the statement of an accomplice, or one charged with larceny, that statement was not to be considered by appellant as unworthy of belief, especially in view of the fact plaintiff made no protest when arrested or any assertion of innocence. While he may not have been required to do so as a matter of law, yet, when the honesty of belief and good faith of appellant in instituting the prosecution is being tested, it becomes material.

Appellee was taken before a justice of the peace; a hearing was had, wherein testimony was adduced that appellee had stolen a Ford car and a tire. He was held for court, and the grand jury returned a true bill. The officer arresting him testified at the trial concerning his information as to these alleged thefts. Plaintiff, who was defendant there, was found not guilty by order of court, because of insufficient evidence of guilt. McWhorter was not called because his testimony had been unsatisfactory in another similar case. Appellee worked at night, and was head of his department in the garage from which the stealing took place. He did not work there when arrested.

Applying the relevant principles of law, it is not necessary for defendant to show accused was guilty of a crime. Nor is it necessary to show that the facts upon which the arrest was made actually existed. The sole inquiry is, was the knowledge of all the circumstances and the information received sufficiently strong in themselves to present a reasonable ground of suspicion of guilt, and did defendant honestly believe them to be true?

It appears in plaintiff's evidence the officer had no animosity or ill feeling toward appellee. The court below should have held plaintiff's case failed to present a prosecution without probable cause, but did present one with probable cause.

Defendant's evidence shows investigations made by the authorities of Philadelphia and of this plant, submitted to counsel, who advised a warrant of arrest. The foreman in charge of the garage testified that, from the investigations made, the stealing at night, when appellee worked, the confession of McWhorter, an intimate friend who "ran around" with appellee, the daily reports of detectives, and the fact that the magneto mentioned as having been stolen by appellee was found in the boiler room, led him, before the arrest, to believe appellee was guilty of the offense charged. Kunsig, another official, testified in like manner, and the statement of McWhorter clearly connected appellee with these offenses. The men employed on this investigation were all known to be careful men, of good repute, having been employed at similar work by other concerns. There is no contrary evidence upon which the jury might base a finding of want of probable cause.

After commenting on circumstances similar to these, this court, in Roessing v. Pittsburgh Rys. Co., supra, says (p. 527) : "It was clearly the duty of the trial judge to declare the law upon the admitted facts in this case. ......It is difficult to conceive of circumstances which would constitute more reasonable grounds of suspicion, or would be more likely to lead a reasonable and prudent man to believe in the guilt of the plaintiff. In fact, it is hard to understand how any reasonable man could avoid the conclusion that the circumstances shown were strong indications of the guilt of the accused person. If such circumstances as those here detailed were not sufficient to justify the defendant in invoking the protection of the law through the criminal courts, then the hope of any such protection is a vain thing." So that, whether

we view the circumstances from plaintiff's evidence alone or from the uncontradicted evidence of defendant, the result reached is the same. As stated in Roessing v. Pittsburgh Rys. Co., supra; Wolf v. Stern, supra, and Stratton v. Jordan, supra, the jury must not be permitted to find a fact unless there is evidence to support it.

The judgment of the court below is reversed, the record is remitted with direction to enter a judgment for defendant on its motion for judgment n. o. v.