# Davis *v.* Morrison, Appellant.

*Malicious prosecution—Evidence—Case for jury.*

In an action for malicious prosecution, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue was purely one of fact. It is exclusively for the jury to pass upon the testimony, but the court must say, as a matter of law, whether the facts proven show probable cause. Generally it is a mixed question of law and fact, and where the facts are in dispute they must be submitted to the jury, who should be instructed as to what facts constitute probable cause.

Argued October 12, 1923.  Appeal, No. 230, Oct. T., 1923, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 1494, on verdict for the plaintiff in the case of Linda P. Davis v. David Morrison. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for damages for malicious prosecution. Before STERN, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $175.00 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*C. Oscar Beasley,* for appellant.

*R. C. Evans, Jr.,* of *Evans & Wernick,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

This is a suit for malicious prosecution. The defendant had the plaintiff arrested on the charge of larceny. The magistrate discharged her. The defendant and his wife told a story which if believed by the jury, entitled

him to a verdict in his favor. The court so instructed the jury. The appellant claims he was entitled to binding instructions in his favor and submitted a point to that effect. The trial judge was right in refusing his request. The plaintiff denied the statements made by the defendant and his wife, and the facts relied upon by the defense were not so clearly established as not to be open to dispute. The question of probable cause was, therefore, for the jury: McCoy v. Kalbach, 242 Pa. 123, 125. In Taylor v. Am. I. Shipbuilding Corp., 275 Pa. 229, 231, the Supreme Court citing a number of cases declares: "It is exclusively for the jury to pass on testimony, but the court must say, as a matter of law, whether the facts proven show probable cause. Generally, it is a mixed question of law and fact, and where the facts are in dispute, they must be submitted to the jury, who should be instructed as to what facts constitute probable cause."

The advice of the policeman that the defendant should institute the prosecution did not exonerate the defendant. The officer is not supposed to be learned in the law. It was held in Brobst v. Ruff, 100 Pa. 91, after stating the necessity of full disclosure of facts that the advice of a justice of the peace does not relieve the prosecution from liability for an unfounded prosecution. Besides, the claim of the defendant that the officer had advised the prosecution was considerably weakened by the statement of the officer at the final hearing that he had found no facts justifying the issuing of a warrant, but had done so on the insistence of the defendant.

All the assignments are overruled. The judgment is affirmed.