## Taubman, Appellant, *v.* Schulte, Inc.

Argued December 1, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Nochem S. Winnet,* with him *B. I. DeYoung,* for appellant.—As the facts on which the prosecutor relied to show probable cause presented its own version of those occurrences and were denied by plaintiff, it was for the jury to determine whether the facts were as alleged by the prosecutor: Trautman v. Willock, 88 Pa. Superior Ct. 404; Barhight v. Tammany, 158 Pa. 545; Herscovitz v. Linder, 75 Pa. Superior Ct. 7; Bruff v. Kendrick, 21 Pa. Superior Ct. 468; Schofield v. Ferrers, 47 Pa. 194.

Defendant made no full disclosure to counsel, therefore the advice given was no defense.

*Robert T. McCracken,* for appellee.—Counsel having advised the arrest after a full disclosure of the facts, appellee is protected against responsibility in damages: Brobst v. Ruff, 100 Pa. 91; Herscovitz v. Linder, 75 Pa. Superior Ct. 7.

Nor is appellant helped by the fact that the testimony on which appellee relied was that of its own investigators: Roessing v. Rys., 226 Pa. 523; McCoy v. Kalbach, 242 Pa. 123; Robitzek v. Daum, 220 Pa. 61; Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1931:

Plaintiff, a salesman of defendant, was arrested for selling its goods and keeping the proceeds. The committing magistrate held him to await the action of the grand jury, by which he was duly indicted, but, on trial,

was acquitted. He then brought the present action for malicious prosecution, and now appeals from the judgment entered on an instructed verdict for defendant.

To sustain such an action, malice and want of probable cause must both be established: Cooper v. Wm. R. Hart & Co., 147 Pa. 594; Taylor v. American International Shipbuilding Corp., 275 Pa. 229. Proof, as here, that plaintiff had been acquitted of the crime with which he had been charged, ordinarily would result in shifting to the prosecutor the burden of showing that he had probable cause for what he had done (Smith v. Ege, 52 Pa. 419); and, from the want of probable cause, malice may be inferred: Brobst v. Ruff, 100 Pa. 91. Where, however, plaintiff's own testimony shows the existence of probable cause, this burden is lifted from defendant (Bernar v. Dunlap, 94 Pa. 329, 331; Cooper v. Wm. R. Hart & Co., 147 Pa. 594, 598; Taylor v. American International Shipbuilding Corp., 275 Pa. 229, 231), and it becomes the duty of the court to enter a nonsuit or to direct a verdict for defendant: Boyd v. Kerr, 216 Pa. 259.

At the trial in the present case, plaintiff testified that it was his duty, as an employee of defendant, to pay over at once all money received by him from sales of its goods, and to ring up such sales on a cash register, the tape of which showed the amount of each sale and by whom it was made. Just prior to his arrest, at an interview with the vice-president of the defendant company, plaintiff was confronted by two of its investigators, who stated to the vice-president, in his presence, that he had made two sales to them, which he had not registered, nor delivered their proceeds to defendant, but, on the contrary, had pocketed the money and never accounted for it. At that interview he recognized one of the investigators as having been a customer to whom he had sold goods at the time specified, and identified the tape from the cash register as one which had been used by him. It did not contain the purchases which the investigators said they

had made. He denied that he had taken any of defendant's money, however, but made no attempt to explain the situation further. He also testified that there was no ill feeling or bad blood between him and the vice-president, who, as the result of that interview, immediately swore out the warrant for his arrest, or between him and the two investigators.

It is clear from this statement of plaintiff's own testimony—and there was nothing to qualify or contradict it—that there was sufficient to justify an honest and reasonable belief, on the part of the vice-president, that plaintiff was guilty of the crime with which he was charged; this, and not the question of actual guilt, being the test when determining whether or not an action for malicious prosecution will lie: Smith v. Ege, 52 Pa. 419; Boyd v. Kerr, 216 Pa. 259. In this class of cases, it must always be remembered that "The public interests demand that courts shall not frown upon honest efforts to bring the guilty to justice": Smith v. Ege, 52 Pa. 419, 422. In view of the foregoing testimony of plaintiff himself, it is clear, under the principles stated, that the court below would have failed in its duty if it had not directed an instructed verdict for defendant.

The judgment of the court below is affirmed.