## Friars *v.* Wilson, Appellant.

*Malicious prosecution—Probable cause—Opportunity to steal—Evidence—Case for jury.*

In an action for malicious prosecution where the admitted facts amount to no more than that plaintiff had an opportunity to steal, probable cause is not established as a matter of law, and the case must be submitted to the jury.

In such a case a point offered by defendants is properly refused where the point makes defendants' thought, and not their belief, the grounds for their belief and its reasonableness, the criterion of the existence of probable cause.

Argued Oct. 15, 1918. Appeal, No. 30, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1917, No. 3323, on verdict for plaintiff in case of Clara Friars v. Mary and Carlton L. Wilson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before FERGUSON, J.

522, (1918).] Statement of Facts—Opinion of the Court.

The opinion of the Superior Court states the case.

Defendants' offered, inter alia, the following point:

"3. If you believe that defendants really thought that plaintiff had committed certain acts which constituted the crime of larceny, and that defendant had good reason for so thinking, your verdict must be for the defendants." Answer. Refused. (4)

Verdict and judgment for plaintiff for $750. Defendants appealed.

*Errors assigned,* inter alia, were (2) refusal of binding instructions for defendants and (4) answer to point as above, quoting it.

*James J. Breen,* with him *James B. McGrane,* for appellants.—The case was for the court: Robitzek v. Daum, 220 Pa. 61; Brown v. Waite, 38 Pa. Superior Ct. 216; Roessing v. Pittsburgh Rys. Co., 226 Pa. 523; Lentz v. Raum, 21 Pa. Dist. Dep. 1116; Kuhns v. Ward-Mackey Co., 55 Pa. Superior Ct. 164.

*Simon Garlic,* with him *S. D. Matlack,* for appellee.— In cases of malicious prosecution, where the facts are disputed, it is the duty of the court to leave the question of probable cause to the jury, with proper instructions as to what constitutes probable cause: Weinberger v. Shelly, 6 W. & S. 336; Acker v. Gundy, 12 Atl. 595; Beihofer v. Loeffert, 159 Pa. 365; Bruff v. Kendrick, 21 Pa. Superior Ct. 468; Jackson v. Hillerson, 59 Pa. Superior Ct. 508; Bosley v. Gerrity, 55 Pa. Superior Ct. 429; Butler v. Stockdale, 19 Pa. Superior Ct. 98; Heide v. Baltimore & Ohio R. R. Co., 40 Pa. Superior Ct. 590.

OPINION BY WILLIAMS, J., December 12, 1918:

Plaintiff was arrested after ten-thirty o'clock on the night of March 26, 1917, at the instance of defendants, and placed in jail. At the hearing, next day, defendants appeared, stated the missing property had been found,

and plaintiff was discharged.   Subsequently she brought this action of trespass, recovered judgment, and defendants appealed.

Appellants urge that the evidence disclosed an admitted state of facts which established probable cause for the arrest.   Their counsel states them as follows: "Defendant, Carlton L. Wilson, had in his possession, at the time, a valuable scarfpin; he took it off and laid it upon the bureau in his bedroom; his wife, at his request, fastened it upon the outside of her waist; plaintiff came into defendants' apartments, and tried on hats immediately after; when Carlton L. Wilson returned to the room, plaintiff went back to her apartments; immediately the pin was missed; very painstaking and thorough search of defendants' rooms was made by the three parties, including plaintiff; the pin, which was shown to the jury was large and bright, and could not easily escape discovery when the search had been made; plaintiff returned to her apartments after she had an opportunity of taking the pin, and before the search began; defendants called in the aid of a police officer, who also made a diligent search; . . . . . . the officer, acting on his initiative, took plaintiff into custody."   Concededly the other facts were in dispute.

While not granting appellants' statement of the admitted facts is entirely accurate, it amounts to no more than that plaintiff had an opportunity to steal the pin.   This would not amount to probable cause for the action taken.   In addition, it is admitted, that, at the time the pin was alleged to be missing, plaintiff submitted herself and her apartment to search and nothing was found.

The assignments of error relating to the refusal of points were not argued but there is no merit in them. The charge covered the second point, and the third was inaccurate in that it made defendants' thought and not their belief, the grounds for their belief and its reasonableness, the criterion of the existence of probable cause.

The judgment is affirmed.