# Helen Perginsky, a Minor, by her father and next friend, Stanley Perginsky, *v.* Louis Moskowitz and Jeanette Moskowitz, Appellants.

*Malicious prosecution—Instigation to arrest—Probable cause—Reasonable belief—Case for jury.*

In an action of trespass to recover damages for malicious prosecution the evidence showed that plaintiff was employed as a servant in defendants' household. She left without notice and on the same day defendant discovered that some jewelry was missing. Defendant reported the name and address of plaintiff to the police. Plaintiff was arrested without warrant on a charge of larceny and imprisoned for one night. She was released for lack of incriminating circumstances. Defendant testified she had not looked for her jewelry for two weeks prior to the discovery of its loss and that a number of servants and workmen had access to the house during that time.

On such a state of facts the court properly refused binding instructions for defendant on the ground that there was probable cause and a verdict for plaintiff will be affirmed.

The test of probable cause is the existence of an honest and reasonable belief in the guilt of the one accused.

Where a person of unblemished character is exposed among her friends to the imputation of larceny and confined to a cell for a night a judgment of $750.00 is not excessive.

Argued October 27, 1927. Appeal No. 291, October T., 1927, by defendants from judgment of M. C. Philadelphia County, October T., 1924, No. 518, in the case of Helen Perginsky, a Minor, by her father and next friend, Stanley Perginsky, v. Louis Moskowitz and Jeanette Moskowitz. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass for malicious prosecution. Before WALSH, J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff in the sum of $1,200. On the filing of a remittitur for all the verdict in excess of $750 the court entered judgment upon the verdict in that sum. Defendants appealed.

*Error assigned,* among others, was the refusal of judgment non obstante veredicto.

*Milton A. Kamsler,* and with him *Sundheim, Folz and Sundheim,* for appellants.—The plaintiff must show that the defendants were the instigators of her arrest, or at least that the arrest was made with their knowledge and consent: Sheldrake v. Rumpf, Holt v. Rumpf and Hahn v. Rumpf, 68 Pa. Superior Ct. 546; Burk v. Howley, 179 Pa. 539. The instructions of the court to the jury covering probable cause inadequate: McClafferty v. Philp, 151 Pa. 86; Delany v. Lindsay, 46 Pa. Superior Ct. 26; Robitzek v. Daum, 220 Pa. 61; Roessing v. Pittsburgh Railways Company, 226 Pa. 523; Taylor v. American International Shipbuilding Corporation, 275 Pa. 229; Trautman v. Willock, 88 Pa. Superior Ct. 404. A verdict of $750 is excessive where the plaintiff's total claim is based on one night's incarceration and injured feelings: Sasse v. Rogers, 40 Ind. A. 197, 91 N. E. 590; Myers v. Litts, 3 Lack. L. N. 363.

*Howard Kirk,* for appellee.—Defendants were responsible for plaintiff's arrest: Baughn v. Benson & Fine, 77 Pa. Superior Ct. 186; McAleer v. Good, 216 Pa. 475; Cooper v. Electro-Tint Engraving Company, 70 Pa. Superior Ct. 517. There was no probable cause: Frairs v. Wilson, 70 Pa. Superior Ct. 522.

OPINION BY HENDERSON, J., March 2, 1928:

We do not find merit in any of the assignments presented. The evidence warrants the conclusion of the jury that the plaintiff was arrested on a charge of larceny at the instigation of the defendants. The loss of the jewelry was reported to Louis Moskowitz who directed his wife to call the police station and in this way Mrs. Moskowitz "got in touch with the

police.'' The result of this was that the girl was arrested and confined in a prison cell over night. At the hearing the next day, Mrs. Moskowitz testified. Soon after the arrest, the defendants were notified by the police officer that he had the plaintiff in custody. Louis Moskowitz testified that after the girl told them that she didn't take the jewelry, ''my wife and I decided we would let her go.'' The evidence shows therefore that they caused the girl to be arrested on suspicion and being unable to sustain the charge on which she was arrested abandoned the prosecution.

That there was a lack of probable cause is evident. The plaintiff had been working in the home of the defendants for three days. She was dissatisfied with her employment and left on Saturday afternoon. Mrs. Moskowitz had not seen her jewelry for two weeks before that time, within which period two other domestics had been employed in the house, and two other persons, not members of the family, had had access to the premises. The defendants had not known anything prejudicial to the plaintiff up to the time she left their house and the most that can be said in excuse of their conduct is that she was suspected of the larceny because she was in a position where she could have committed it. The magistrate very properly held that there was a lack of incriminating circumstances whereupon the prisoner was discharged. On this state of facts, the court could not, with due regard to the law, have given binding instructions on the ground that there was probable cause. The charge of the court on the subject was in substantial conformity to Taylor v. American International Ship Building Corporation, 275 Pa. 231. The test is the existence of an honest and reasonable belief in the guilt of the accused and the jury was so instructed.

We are not impressed with the contention that the judgment is excessive. The jury found a verdict for

$1,200 which was reduced by the court to $750. When consideration is given to the fact that the young woman sustained an unblemished character and was exposed among her friends to the imputation of larceny and was confined in a cell for a night, we are not convinced that the amount allowed is unauthorized. The case as well as the evidence to support it was stronger than was exhibited in Friars v. Wilson, 70 Pa. Superior Ct. 522, in which a judgment for $750 was sustained.

The assignments are overruled and the judgment affirmed.