# Huckestein *v.* New York Life Insurance Company, Appellant.

*Malicious prosecution—False pretense—Probable cause.*

The question of probable cause is one of law for the court where the facts relied on to constitute it are admitted or established beyond controversy.

In an action for malicious prosecution against a life insurance company, which had caused the arrest of plaintiff for obtaining money under false pretenses, an instruction that the prosecution was without probable cause is proper, where the evidence shows that if there was a false pretense, it was not made to the insurance company, with whom the plaintiff had no dealings whatever, but to a broker who bought a policy of plaintiff, and who afterwards sold or surrendered it to the company.

Argued Nov. 7, 1902. Appeal, No. 178, Oct. T., 1902, by defendants, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1902, No. 672, on verdict for plaintiff, in case of John Huckestein *v.* New York Life Insurance Company and Walter S. Huntley. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for malicious prosecution. Before McCLUNG, J.

At the trial it appeared that the plaintiff who owned a policy in the New York Life Insurance Company sold the policy to Richard Herzfeld for $2,000, and that Herzfeld surrendered the policy to the company, and received for it $2,600. There was testimony that plaintiff had submitted to Herzfeld a paper in which he falsely stated that he had four sons and that these were all his children, when in fact two daughters were then living. The policy was made payable to plaintiff's wife and children. It did not appear that plaintiff had any transaction with the insurance company in relation to the sale of the policy, but that he dealt wholly with Herzfeld.

The court charged in part as follows:

[Now, to apply this matter to the case before us: The prosecution was instituted by an information made before Alderman Groetzinger on November 15, 1898. As I have said, the

information was made by Mr. Huntley, and it was made admittedly at the direction of the other defendant, the company. The information was made against John Huckestein, charging him with obtaining money from the New York Life Insurance Company by a false pretense, that is, by a false pretending by a signed paper that the four sons who joined in the transfer of the policy were all his children by a wife who was then dead. When the testimony developed, it appears by the uncontradicted testimony, that Huckestein did not obtain any money at all from the New York Life Insurance Company in this transaction, and consequently, he could not have obtained it by any false pretense. He sold the life insurance policy to one Herzfeld, through brokers, and did not deal with the insurance company at all. He sold it, it seems, through these brokers for $2,000, and it appears that afterwards Herzfeld sold it to the company for some $2,600, a different transaction altogether. I presume they call that transaction a surrender. But, at any rate, Huckestein hadn't anything to do with that transaction, and there is nothing to indicate here that whatever paper he signed was intended to influence anyone excepting Herzfeld; at any rate, that it was not a pretense by Huckestein to anyone excepting Herzfeld. So that it is perfectly manifest that in any aspect of the case, there was no false pretense, no cheating by false pretense, as between Huckestein and the New York Life Insurance Company. He did not get a dollar of money from the life insurance company; and consequently there was no reasonable or probable cause for the prosecution that was instituted, to wit : the prosecution for obtaining money by false pretense from the New York Life Insurance Company by Huckestein. So that that element is taken out of the case. I instruct you that under the testimony all around, the admitted facts in the case, that there was no probable cause for that prosecution.

That leaves the matter wholly upon the question as to whether the prosecution was maliciously instituted or not; that is, with the exception of another matter with respect to the advice of counsel, which I will explain to you. You will assume that there was no reasonable or probable cause for this particular prosecution. Even if Huckestein did sign that affidavit, the disputed affidavit, then the pretense was

made not to the New York Life Insurance Company, but to Herzfeld.] [1]

[The fact, however, that there was no reasonable or probable cause does not determine this case in favor of the plaintiff; because you have yet to go on to the consideration of the question as to whether or not the defendants are liable for the consequences of this prosecution; and they are not, if they acted without malice, if they acted from a proper motive, if they acted in good faith. That is, if the prosecution, although wrongful, and although unsustained by the facts, was the result of an honest mistake, then they would not be liable; and there is another principle: That if it was based upon the advice of counsel, that then the party who made it would not be responsible. If you proposed to make an information against someone with whom you have dealt, for a criminal act, and you go to your counsel and lay before him fully and freely all the information you have, or give him all the means of information that are accessible, and he advises you that you have a case, and you act upon that, then the law protects you. But it must be substantially such case as that; you must lay the matter fully before him, and take his opinion upon the question thus presented. It is not necessary that you should exclude him from getting any information himself, but you must directly or indirectly lay the case before him.

The plaintiff here claims that this is not a case where the facts were laid before the counsel for the company, Mr. Wakefield, and his opinion taken; but that the matter was put into his hands as not simply the attorney, not simply the counsel for the company, but the agent of the company to look the matter up, and to determine not only upon the facts, but in the exercise of his discretion, as to whether or not an action should be brought. And the plaintiff alleges that it was not a case where he gave his advice upon the facts submitted to him or learned by him, but a case where he, with the authority of the company, took charge of the whole matter, and because of prejudice against the plaintiff here, the defendant in that case, and because he was actuated by malice, determined to bring this suit, although it did not have legal ground to rest upon. My recollection of the testimony of the defendants' chief witness, Mr. Wakefield, is, that it sustains, to some ex-

tent at least, the allegation that he acted as the agent of this company, and that he had power to determine whether the suit should be brought or not.   My recollection is that he says that if he had gotten what the company wished from Mr. Hucke-stein, that suit would not have been brought; and that he ex-pressly or impliedly asserts that he had the right to determine whether the suit would be brought or not.   That is the ques-tion for you.   If you believe that there was a submission of the case and a legal opinion taken, and that was acted upon in good faith, then the company would be protected and Huntley would be protected.   But if you believe that Wakefield was constituted the agent of the company, that the whole matter was put in his hands and that he was either given full power to act, or that he was directed to act in such a way as to com-pel the performance of this duty, or of his claim, to wit: the obtaining of the release of Huckestein's daughters, or upon failure of that, then to bring suit; and he had this prosecution instituted for the company maliciously, and for the purpose of gratifying spite, and not in good faith, then the company would be liable and Huntley would be liable.] [2]

Defendant presented this point:

The court is respectfully asked to charge the jury that un-der all the evidence the verdict should be for the defendant. *Answer :* Refused. [5]

Verdict and judgment for plaintiff for $1,900.   Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*D. F. Patterson,* for appellant.

*S. S. Robertson,* for appellee.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

This action was for a malicious prosecution.   The plaintiff was arrested and tried for obtaining money from one of the defendants, the New York Life Insurance Company, by a false pretense.   The company authorized its agent, the other defend-ant, to cause his arrest.   If there was a false pretense it was

not made to the insurance company, with whom the plaintiff had no dealings whatever, but to a broker who bought the policy of the plaintiff, and who afterwards sold or surrendered it to the company. As to this there was no dispute. The instruction therefore that the prosecution was without probable cause was clearly right, and it was the duty of the court to give it. The question of probable cause is one of law for the court, where the facts relied on to constitute it are admitted or established beyond controversy.

The attempt by the defendants to show that the prosecution was commenced by the advice of counsel, gave rise under the testimony to the inquiries whether there had been a submission of the facts and circumstances to counsel, and a legal opinion sought and acted on in good faith; or whether the counsel who advised the prosecution was in fact the agent of the insurance company with power to act in procuring a release to save it from loss, and that the prosecution was instituted to accomplish this purpose. These questions were submitted to the jury with full and accurate instructions.

The judgment is affirmed.