Jones *v.* MacConochie, Appellant.

Argued October 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Alfred K. Hettinger,* for appellant.

*Martin H. Philip,* for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

This is an appeal by the defendant from a verdict and judgment against her in an action for malicious prosecution. As a new trial must be granted due to fundamental error in the charge of the court, the only other assignment requiring consideration pertains to the refusal of defendant's motion for judgment n. o. v.

Viewed in a light most favorable to plaintiff, the evidence showed the following facts: Defendant, who is the aunt of plaintiff's wife, lived in a house owned by her at 24 Factory Street, Slatington, Pennsylvania. Plaintiff, formerly a resident of the state of California, had been living with his sister in the village of Emerald, near Slatington. By mutual agreement plaintiff went to live in defendant's house on December 7, 1945. The next day Mrs. MacConochie drove with friends to Flor-

ida where she remained until her return on March 16, 1946.

Plaintiff was to take care of the house and use its facilities during defendant's absence; nothing was said about the length of plaintiff's stay. It was understood, however, that plaintiff's wife, their daughter and the daughter's two children, who returned from California on December 16, 1945, would occupy defendant's home with the plaintiff. Plaintiff's son later joined the family, bringing with him a large Doberman dog.

A few weeks after defendant's return from Florida friction developed between plaintiff's family and defendant. Defendant, a woman then 77 years old, took her cooking utensils, packed them in boxes and removed them to the cellar. She locked part of the house and tried generally to make life miserable for plaintiff's family so that they would leave.

On May 6, 1946, defendant had an attorney write a letter to plaintiff's wife in which it was requested that the Jones family vacate within thirty days. Plaintiff was not able to obtain other quarters at once. Defendant then asked advice from three justices of the peace as to means of evicting the plaintiff and his family. One of these advised defendant on May 15, 1946, to "Watch your P's and Q's" and lock the door when the Jones family were all absent from the house. Defendant followed this advice and locked the door at eleven o'clock in the morning on May 17, 1946. Plaintiff returned with his daughter at three o'clock that afternoon and asked defendant to open the door. Defendant refused and proceeded to fasten the windows of the bedroom used by the daughter, whereupon plaintiff forced open the door and entered the house. He and his family continued to reside in defendant's house and were living there at the time of the trial.

Defendant drove to the same justice of the peace who had advised her to bar the door and swore out two warrants, one charging plaintiff with forcible entry and

detainer, the other charging assault and battery, the latter charge growing out of a dispute over the use of an ironing board in one of the bedrooms a few days before. Plaintiff was arrested the following morning, May 18, 1946, at seven o'clock, by a constable who permitted plaintiff to dress and then took him before the justice at the latter's home, where plaintiff remained for three quarters of an hour. The justice dismissed the assault and battery charge as only a scuffle, but he held defendant on the forcible entry charge and committed him to jail. The record of the justice did not show that bail had been set in any amount. Bail was finally posted in Allentown, and plaintiff was released after three hours' imprisonment. The grand jury of Lehigh County ignored the bill charging forcible entry and detainer.

Plaintiff instituted the present action for malicious prosecution on July 12, 1946. The case was tried October 24, 1946. The trial resulted in a verdict for plaintiff of $1,000 compensatory damages, and $4,000 punitive damages. The latter was reduced by remittitur to $500. Defendant's motions for judgment n. o. v. and for new trial were refused; judgment was entered on the verdict for $1,500.

Appellant's motion for judgment n. o. v. was properly refused. There was no dispute as to the facts regarding the prosecution for forcible entry brought by appellant. The admitted facts on this criminal charge do not show probable cause, as a matter of law. On the contrary, they show want of probable cause, as a matter of law. Advice of an attorney sought in good faith and upon full disclosure is a defense. *Stritmatter v. Nese et al.,* 347 Pa. 9, 19, 20, 31 A. 2d 510. Advice of a justice of the peace, however, affords no protection against an action for malicious prosecution. *Brobst v. Ruff,* 100 Pa. 91; *Werner v. Bowers,* 94 Pa. Superior Ct. 110; *King v. Lejko et al.,* 102 Pa. Superior Ct. 569, 571, 157 A. 334.

The charge of assault and battery involved facts which were in dispute, and the court could not, as a mat-

ter of law, rule that probable cause existed for this prosecution. This Court said in *Hubert v. Alta Life Insurance Co.*, 130 Pa. Superior Ct. 277, at page 279, 196 A. 513, at page 514: "It is only where the facts are not in dispute and those facts, and the reasonable inferences therefrom, amount to probable cause that a trial judge may direct a verdict for a defendant: Taylor v. American International Shipbuilding Corp., 275 Pa. 229, 231, 119 A. 130, and cases there cited."

Appellant's fourth assignment of error relating to the charge of the court must be sustained. The error was fundamental. The trial judge charged, inter alia, as follows: "Where a charge is ignored, that makes out a prima facie case, that is, it makes out a case at first blush on behalf of the plaintiff, showing that there was a lack of probable cause, and then the burden shifts to the defendant to show that there was probable cause. Where you find that an action was brought without probable cause, you would have the right to infer, if you will, from the bringing of an action without probable cause, that it was brought with malice, out of malice or of ill will, and so it becomes necessary for you to determine in this case whether or not the defendant has carried her burden by the weight or preponderance of the evidence; the cases having been dismissed, whether or not she has shown to you that these actions were not brought out of malice, and that they were brought with probable or reasonable cause." On this point the learned trial judge fell into the same error in his charge as was committed by the trial judge in the case of *Groda v. American Stores Co.*, 315 Pa. 484, 173 A. 419, where the Supreme Court, in reversing the judgment and ordering a new trial, announced the law of this Commonwealth as follows (page 489 of 315 Pa., page 421 at 173 A.): "It has sometimes been held in this State in actions for malicious prosecution that proof that criminal proceedings against the person who was the defendant in the criminal case terminated in his favor either by an

acquittal or by the discharge of the examining magistrate, was in itself evidence of the want of probable cause for the prosecution, and from it the existence of malice could be inferred and the burden of proof was then cast upon the civil defendant to prove the contemporaneous existence of probable cause for the prosecution he initiated. Such cases as have or seem to have supported this doctrine can no longer be considered as expressing the law of this State and they are now overruled to the extent that they support the doctrine herein repudiated. Neither an acquittal of the defendant in a criminal prosecution, nor the ignoring of the bill against him by the grand jury, nor his discharge by the examining magistrate, constitutes proof of want of probable cause, or shifts the burden of proof to the defendant in the civil action."

As recently as *Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 96, 46 A. 2d 674, 678, our Supreme Court stated: "In an action of malicious prosecution, plaintiff does not make out a prima facie case by proving only his arrest on a criminal charge and its termination in his favor. He must also show that 'the defendant did not have probable cause for initiating the proceedings': Sec. 672c Restatement, Torts."

The charge was also fundamentally erroneous in that the trial judge left the question of probable cause to the jury on the law and on the facts. As to the forcible entry prosecution, the trial judge charged: "It will be for you to determine, from the facts in the case [which were not in dispute], whether or not Mrs. MacConochie, at the time that she swore out the information, honestly believed that she had a legal right to the action which she took; whether or not an ordinarily prudent person under such circumstances would have considered that he had probable cause to bring the action that was brought, whether she acted out of an outraged sense of the propriety of someone breaking down the door of her

home, or whether or not it was the scheme on her part to incarcerate Ralph Jones, so that she would obtain possession of the house." Again, the trial judge submitted probable cause to the jury on the law and on the facts, as to both prosecutions, as follows: "If you find that this action was not brought out of malice, if it was brought with probable and reasonable cause, then that is the end of the case, then while it is unfortunate that Mr. Jones was arrested, he would still not have any right to damages at your hands, and in that case you would bring in a verdict for the defendant. If, on the other hand, you find that these prosecutions were brought out of malice, were brought without reasonable and probable cause, then, as I said to you in the first place, a person who has been so arrested is entitled to recover damages."

Mr. Chief Justice MAXEY made it clear in *Simpson v. Montgomery Ward & Co.*, supra, 354 Pa. 87, pages 91 to 97, 46 A. 2d 674, that the existence or nonexistence of probable cause is a question in the final analysis not for the jury, but for the court, and that a trial judge commits fundamental error when he submits this basic question to the jury. In the present case the facts as to the arrest of plaintiff on the forcible entry charge were undisputed, and on these facts the court should have told the jury as a matter of law that appellant had no probable cause. In *McCarthy v. De Armit*, 99 Pa. 63, at page 69, Mr. Justice TRUNKEY said: "What facts and circumstances amount to probable cause is a question of law. Whether they exist in any particular case is a question of fact. Where the facts are in controversy the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause, and submit to them only the question of such facts. This principle is well settled. If all the evidence is insufficient to establish probable cause the court shall so instruct the jury, for they are not at liberty to find a fact without evidence; and if the admitted facts amount to probable cause, the court should direct a

verdict for the defendant, even if his malice were clearly proved." In *Huckestein v. New York Life Insurance Co.*, 205 Pa. 27, 54 A. 461, a verdict for the plaintiff in a malicious prosecution action was affirmed, where the court instructed the jury that, on the admitted facts, the defendant, an insurance company, had no probable cause for prosecuting the plaintiff for obtaining money by false pretenses, as plaintiff made no representations at all to the defendant insurance company, but rather to a third party. The Supreme Court stated (page 31 of 205 Pa., page 463 of 54 A.): "The instruction therefore that the prosecution was without probable cause was clearly right, and it was the duty of the court to give it. The question of probable cause is one of law for the court, where the facts relied on to constitute it are admitted or established beyond controversy."

We cannot agree with plaintiff's argument that, since the jury found for him, the trial judge's failure to instruct the jury that no probable cause existed for the forcible entry prosecution is harmless error. The action in this case was based on both criminal charges: (1) Forcible entry and detainer, and (2) assault and battery. The facts were disputed as to the latter and it was the court's duty to submit the factual question to the jury. Probable cause existed for the assault and battery charge only if defendant (appellant) honestly and reasonably believed that intentional violence, in some degree, had been inflicted upon her by plaintiff. Plaintiff's further argument to the effect that there must be lack of malice with probable cause is without authoritative support. In this connection it is sufficient to point out that without malice want of probable cause is wholly insufficient to sustain a charge of malicious prosecution (*Simpson v. Montgomery Ward & Co.*, supra, 354 Pa. 87, 102, 46 A. 2d 674; *McCarthy v. De Armit*, supra, 99 Pa. 63, 70; *Hubert v. Alta Life Insurance Co.*, supra, 130 Pa. Superior Ct. 277, 284, 196 A. 513), but if probable cause is shown it matters not whether the motive of the prose-

cutor be praiseworthy or malicious (*Bryant v. Kuntz,* 25 Pa. Superior Ct. 102, 106).

In returning the record for a new trial in this type of case, which admittedly presents difficulties to even the most careful trial judge, we direct the attention of the court below to the advice given by Mr. Chief Justice MAXEY in *Simpson v. Montgomery Ward & Co.,* supra, 354 Pa. 87, pages 96 and 97, 46 A. 2d 674, as to the exact manner in which probable cause, in so far as it is a factual question, should be submitted to the jury.

The judgment is reversed, and a new trial is awarded.