Opinion by
 

 Rhodes, P. J.,
 

 This is an action in trespass for malicious prosecution, which arose out of an unusual set of circumstances. The jury returned a verdict for plaintiff. Defendant’s
 
 *443
 
 motions for new trial and judgment n. o. v. were refused. From the judgment entered on the verdict defendant has appealed.
 

 There was a conflict in the testimony as to the circumstances under which defendant acted and out of which the prosecution of plaintiff arose. Consequently, there is no merit in defendant’s contention on this appeal that his motion for judgment n. o. v. must he granted on the ground that the existence of probable cause should have been declared as a matter of law. It is only where the facts are not in dispute and those facts, and the reasonable inferences therefrom, amount to probable cause that a trial judge may direct a verdict for defendant.
 
 Hubert v. Alta Life Insurance Co.,
 
 130 Pa. Superior Ct. 277, 279, 196 A. 513;
 
 Simpson v. Montgomery Ward & Company,
 
 165 Pa. Superior Ct. 408, 415, 68 A. 2d 442.
 

 Plaintiff’s evidence was sufficient to establish these facts. Plaintiff, a policeman, ivas assigned to duty at Seventeenth and Butler Streets, in the City of Philadelphia, on the evening of September 23, 1947. Defendant’s tap room was located at a corner of the intersection of those streets. At about 10:30 that evening, plaintiff observed two patrons mistreating or attacking defendant in his tap room. Upon defendant’s request plaintiff entered the tap room, arrested the two young men who were creating the disturbance, summoned a police car, and took them to the police station at Twenty-second Street and Hunting Park Avenue. Plaintiff charged them with drunkenness and disorderly conduct. Defendant was then requested by plaintiff to come to the station house to sign the registry as prosecutor. Thereafter plaintiff overheard defendant ask the acting sergeant what charges had been made against the two men, and, upon being told that they were charged with drunkenness and disorderly conduct, direct the sergeant to limit the charge to disorderly conduct. At the magis
 
 *444
 
 trate’s hearing the next day, where plaintiff and defendant both testified, the magistrate imposed a sentence of ten days’ imprisonment; bnt both patrons were later discharged by the magistrate at defendant’s request. As plaintiff and defendant returned the night of the arrests from the police station to defendant’s tap room, in the police car, defendant handed plaintiff a dollar, which plaintiff then turned oyer to the other officers in the car, stating it was for driving defendant over to the station house. The following night, September 24, 1947, defendant offered plaintiff another dollar, in front of the tap room, stating “You gave the other dollar to the red car”; but plaintiff refused to take the money.
 

 On September 25,1947, plaintiff swore out a warrant for the arrest of defendant for maintaining a disorderly tap room and for obstructing justice. The affidavit recited briefly the incident of September 23d at defendant’s tap room involving the two patrons; that defendant had the charge of drunkenness eliminated; that he procured the discharge of the patrons; and that he had attempted to give plaintiff two dollars which plaintiff had refused. Plaintiff personally arrested defendant, called a police car, and sent him to the police station at Twenty-second Street and Plunting Park Avenue about 4:30 p.m. on the day the warrant was issued. Plaintiff was called to the police station as the prosecutor about an hour later. Finding that defendant had not been “slated,” plaintiff “got a hold of him” and said, “Come on up to the window and get slated.” Whereupon the acting house sergeant said, “We are taking care of this. We are going to do this legally.” Later that evening plaintiff was summoned before Police Captain Driscoll and other members of the force, he was rebuked for issuing a warrant for the arrest of defendant without the police captain’s permission, and he was forthwith suspended from duty. At the hearing the next morning before a magistrate on the
 
 *445
 
 charges brought by plaintiff, defendant was discharged. Later the same day, September 26,1947, defendant had a warrant issued for plaintiff’s arrest, charging plaintiff with extortion, assault and battery, false arrest, and perjury. Plaintiff was subsequently indicted and tried in the Court of Quarter Sessions of Philadelphia County before Judge Alessandroni for assault and battery and perjury; he was acquitted by a jury. The implication arising from plaintiff’s evidence was that defendant and the police, other than plaintiff, conspired to thwart the law by giving improper protection to defendant in the operation of his tap room.
 

 The evidence presented by defendant and his witnesses, including several police officers connected with the police station at Twenty-second Street and Hunting Park Avenue, was in conflict with that of plaintiff on the principal factual issues. Defendant’s testimony relating to the original disturbance caused by the two patrons at his tap room on the night of September 23d was substantially in agreement with that of plaintiff. Defendant stated, however, that plaintiff came in the tap room of his own accord and arrested the two patrons; that although he, the defendant, acted as prosecutor, the only charge preferred against them was that of disorderly conduct; and that he never procured the dismissal of a charge of drunkenness. Defendant stated he gave plaintiff two dollars upon their return from the hearing at the police station on the night of September 23d; that plaintiff accepted the money, giving one dollar to the officers in the police car. The evening' following the patrons’ hearing before the magistrate, according to defendant, he came out of his tap room and gave plaintiff a third dollar. Plaintiff refused to take it and handed it back to defendant, together with a dollar plaintiff had received the day before from defendant; the plaintiff said to defendant, “You got a |30,000 joint here and all
 
 *446
 
 I get is $2. You need it worse than I do.” The implication naturally arising from this evidence of defendant is that plaintiff procured the arrest of defendant because he had not given plaintiff a sufficient amount for policing-defendant’s tap room.
 

 According to defendant, about 4 p.m. on September 25, 1947, plaintiff appeared and told defendant he had a warrant for his arrest. When defendant attempted to telephone to his father, plaintiff threatened to drag him from behind the bar if he did not put down the telephone and come out voluntarily. Plaintiff then placed defendant in a police car and sent him to the police station. Later plaintiff appeared and inquired in profane language as to why the police were “mollycoddling my prisoner.” Plaintiff thereupon grabbed defendant by the shoulders and proceeded to drag him forcibly down the hallway of the station house. Plaintiff continued his mistreatment of defendant until other police officers intervened. As to this mistreatment defendant was corroborated by other officers, including the house sergeant then in charge. The sergeant reported plaintiff’s conduct to Captain Driscoll, who held an investigation at the station house later that night at which plaintiff and defendant and various police officers testified. As a result of this investigation Captain Driscoll immediately suspended plaintiff. Defendant’s testimony as to his discharge and as to the swearing out of the warrant for the arrest of plaintiff did not materially differ from that of plaintiff.
 

 As stated, plaintiff was acquitted by a jury in the trial before Judge Alessandroni on the charges of assault and battery and perjury. However, there was injected in the present case the fact that Judge Alessandroni, following the verdict of acquittal in the criminal trial, had orally censured plaintiff for his conduct. Defendant in the present action for malicious prosecution also in
 
 *447
 
 tro chic ed in evidence the record of proceedings before the Civil Service Commission held several months after plaintiff’s acquittal on the criminal charges; this record set forth that plaintiff was found guilty by the Commission of extortion, assault and battery, false arrest, and perjury, and that he was suspended for forty-five days without pay.
 

 Chronologically we have the following facts: (1) The arrest by plaintiff of two patrons of defendant’s tap room; (2) plaintiff’s arrest of defendant for maintaining a disorderly tap room and obstructing justice; (3) discharge of defendant by the magistrate; (4) defendant’s criminal charges against plaintiff; (5) plaintiff’s acquittal by a jury.
 

 It is not the law, as argued by appellant, that, as he had been discharged by the magistrate at the preliminary hearing on the charges made by plaintiff, he had probable cause as a matter of law for initiating criminal proceedings against plaintiff accusing him of assault and battery and perjury. The fact that appellant was discharged by the magistrate on the charges brought by plaintiff may have had some bearing on the existence or nonexistence of probable cause for his charges against plaintiff, but it did not conclusively establish that appellant had probable cause for the institution of the proceedings against plaintiff. On the issue of probable cause, the question is—Did the defendant honestly and reasonably believe at- the time he initiated the prosecution that the accused committed the crime or crimes for which he was ^prosecuted, and was that belief based on a reasonable ground of suspicion of guilt?
 
 Simpson v. Montgomery Ward & Company,
 
 354 Pa. 87, 96, 46 A. 2d 674. Likewise, the later action by the Civil Service Commission and the other collateral matters referred to by appellant were in no way conclusive that appellant had probable cause for initiating the criminal proceeding
 
 *448
 
 against plaintiff; they were entirely subordinate to that issue.
 

 Upon a careful review of the entire charge of the court, however, we agree with appellant’s contention that those portions of the charge dealing with probable cause contained fundamental error, tending to confuse the jury and making necessary a new trial. The fundamental error consisted of statements which conveyed to the jury the idea that the issue of probable cause was determined by a finding that plaintiff was or was not guilty of the mimes charged against him, and this erroneous impression is conveyed by the charge as a whole. Near the conclusion of the charge, counsel for appellant excepted orally to “those portions of Your Honor’s charge in which Your Honor discussed whether or not the plaintiff had actually committed the various charges which were entered against him because the issue ivas primarily that of whether or not the defendant in this case had reasonable suspicions . . .” To this the trial judge replied: “I made that clear. I thought I was trying to be helpful to the defendant. If there was actual guilt on the part of Mr. Krouse, that is a complete bar to a recovery against the defendant, even if he hated the officer, even if he was angry and vindictive, as he might be or might not be. That would be irrelevant. His feelings toward the officer would be utterly irrelevant if actually the officer was guilty.
 

 “But you must be satisfied, as I explained in defining the term ‘probable cause,’ that Mr. Feldshur acted without probable cause, even if you believe that the officer was not guilty. In other words, if you agree with the jury in Judge Alessandroni’s court and not with the Civil Service Commission, because in a sense you are retrying the issues and you have to determine whether Mr. Krouse was guilty, despite the fact that he was acquitted by one tribunal and found guilty by another
 
 *449
 
 tribunal, if you find that he was not guilty, then you have to consider this question of what was in the mind of Mr. Feldshur when he instituted the proceedings. Did he act primarily for the purpose of vindicating justice and enforcing the criminal law? Did he act on a reasonable belief of a reasonable man that crimes had been committed by Krouse for which Krouse should stand trial and be accountable to the law? Or did he act, as I said before, primarily out of malice without any belief that crimes had been committed? That is the issue before you really.”
 

 This portion of the charge of the court could have conveyed no other meaning to the jury than that it was to consider, among other things, the actual guilt or innocence of plaintiff in the criminal proceeding which had been initiated against him by appellant, as bearing on the issue of probable cause. This is especially true in the present case as the trial judge had previously in his charge defined at length the crimes with which plaintiff was charged by appellant. While definitions of the crimes charged might not have constituted error in itself, nevertheless, the entire charge is subject to the interpretation to which appellant’s counsel objected at the trial—that the issue of probable cause depended on the actual guilt or innocence of plaintiff, the defendant in the criminal proceeding. Nothing is better settled than that the actual guilt or innocence of the defendant in a criminal proceeding is not the issue upon which the existence or nonexistence of probable cause in an action for malicious prosecution may be determined. As Mr. Chief Justice Maxey, in stating the rule that probable cause is ultimately a question of law for the court, said in
 
 Simpson v. Montgomery Ward & Company,
 
 supra, 354 Pa. 87, 92, 46 A. 2d 674, 676: “Jurors are likely to confuse the issue of the guilt or innocence of the defendant in the criminal case out of which the civil action originated with the
 
 *450
 
 basic issue whose determination decides the civil action.” Probable cause does not depend upon the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting in the existence of adequate facts.
 
 McCarthy v. De Armit,
 
 99 Pa. 63, 69;
 
 Taylor v. American International Shipbuilding Corp.,
 
 275 Pa. 229, 231, 119 A. 130;
 
 Groda v. American Stores Co.,
 
 315 Pa. 484, 488, 173 A. 419;
 
 Curley v. Automobile Finance
 
 Co., 343 Pa. 280, 285, 23 A. 2d 48, 139 A. L. R. 1082;
 
 Randall v. Fenton Storage Co.,
 
 117 Pa. Superior Ct. 212, 216, 177 A. 575; Restatement, Torts, §662. “In an action for malicious prosecution the question is not whether the person charged with a crime was guilty, but what were the indications of his guilt”:
 
 Robitzek v. Daum,
 
 220 Pa. 61, 64, 69 A. 96. An acquittal of the defendant in a criminal prosecution does not constitute proof of want of probable cause.
 
 Groda v. American Stores Co.,
 
 supra, 315 Pa. 484, 489, 173 A. 419;
 
 Altman v. Standard Refrigerator Co., Inc.,
 
 315 Pa. 465, 477, 173 A. 411;
 
 Jones v. MacConochie,
 
 162 Pa. Superior Ct. 124, 129, 56 A. 2d 284. Nor can we accept the argument that those portions of the charge were harmless error since, if plaintiff was criminally guilty, he cannot recover, and, if not actually guilty, then the charge of the court is correct on the question of appellant’s honest and reasonable belief in plaintiff’s guilt. The injection by the trial judge, into the basic issue of probable cause, of a subsidiary issue of plaintiff’s actual guilt or innocence is fundamental error. This could only tend to confuse the jury on the issue of probable cause, an issue in itself sufficiently difficult to submit to the jury under proper instructions. The fact that in other portions of the charge the trial judge may have correctly submitted the issue would not cure a fundamentally erroneous instruction on the same point.
 
 Hisak v. Lehigh Talley Transit Co.,
 
 360 Pa. 1,
 
 *451
 
 6, 59 A. 2d 900;
 
 Reiter v. Reiter,
 
 159 Pa. Superior Ct. 344, 350, 48 A. 2d 66.
 

 The basic issue in this action for malicious prosecution was the existence or nonexistence of probable cause for the prosecution at the time it was instituted by appellant; and secondly whether or not the prosecution was initiated from an improper motive. The facts, being in dispute, were to be determined by the jury. Where, as here, the trial judge does not require a special verdict or special findings he should give clear instructions as to what facts will constitute probable cause. The procedure set forth by the Supreme Court in
 
 Simpson v. Montgomery Ward & Company,
 
 supra, 354 Pa. 87, 96-99, 46 A. 2d 674, should be carefully followed and the issues simplified as much as possible.
 

 Judgment of the court below is reversed, and a new trial is granted.