Neczypor *v.* Jacobs, Appellant.

26

Argued September 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Irving R. Shull,* with him *Alfred I. Ginsburg,* and *Bernard L. Lemisch,* for appellant.

*Miles Warner,* for appellee.

OPINION BY ERVIN, J., November 14, 1958:

Plaintiff, Stephen S. Neczypor, brought this suit in trespass to recover damages for an alleged malicious prosecution. At the instance of defendant, Joseph Jacobs, a detective on the Philadelphia police force, plaintiff was arrested and indicted on a charge of operating an automobile while under the influence of intoxicating liquor. Plaintiff was acquitted of the criminal charge. The jury in the present action returned a verdict in his favor in the sum of $1,500.00. After the denial of defendant's motions for judgment n.o.v. and a new trial, judgment was entered on the verdict. Defendant appealed.

The appellant's principal objection is addressed to that part of the charge wherein the court said that Dr. Maser's report had no bearing at all on the question of the probable cause for the original arrest, which was previous to the examination, just as the acquittal had no bearing one way or the other.

On June 4, 1955, shortly after 4:00 p.m., plaintiff and defendant were operating automobiles north on Fifth Street near Girard Avenue in the City of Philadelphia. There was a slight contact or near contact between their cars, as a result of which plaintiff was arrested and charged with operating an automobile while under the influence of intoxicating liquor. He was taken to a police station and was examined by Dr. Maser, a police surgeon, who subsequently moved away

and could not be located at the time of the present trial. His examination was made at 6:45 p.m. and he certified that the plaintiff "is under the influence of intoxicating liquor, and at this time is not able to properly operate a motor vehicle. . . ." His written report was received in evidence in the present case and was sent out with the jury.

In its opinion the court said: "It is true that this report was relevant to the issue of whether plaintiff was guilty or innocent of the charge, and guilt or innocence might have been made an issue in this case. See Restatement, Torts, Section 657, comment a (1938). However, defendant did not request the court to charge on this point and the trial was conducted on the theory that the sole issue was the existence of probable cause. In the course of its charge, the court several times stated that probable cause was the only issue before the jury. If defendant wanted the question of guilt or innocence submitted to the jury he should have spoken up. He may not introduce a new theory into the case after the jury has rendered its verdict." We feel that it was fundamental error to remove the issue of guilt from the trial. This was an action in trespass and the defendant, under the law of this Commonwealth, was not obliged to file an answer to the plaintiff's complaint in order to raise basic issues. The plaintiff had the burden of proving the following: (a) that the defendant initiated the criminal proceedings against him; (b) that the proceedings were terminated in his favor; (c) that the defendant did not have probable cause for initiating the proceedings; (d) that the primary purpose for which the proceedings were initiated was not to bring an offender to justice. Restatement, Torts, §672(1); *Altman v. Standard Refrigerator Co., Inc.,* 315 Pa. 465, 477, 478, 173 A. 411; *Ferguson v. Reinhart,* 125 Pa. Superior Ct. 154, 190 A.

153.   After the plaintiff offered evidence, inter alia, to show that the criminal proceedings were terminated in his favor, the burden then shifted to the defendant to go forward and present evidence to show that the plaintiff was actually guilty of the crime charged against him notwithstanding the acquittal in the criminal trial: Restatement, Torts, §672(2).   To sustain this burden, however, the defendant is not required to establish the guilt of the accused beyond a reasonable doubt.   It is enough that all the evidence produced at the trial shows a preponderating probability of his guilt: Restatement, Torts, §657, comment b.   While the court's reasoning—that the doctor's findings had no bearing upon the question of probable cause because they were made subsequent to the arrest—was in accord with the Restatement and other well recognized authority,[1] we are not satisfied with its logic as applied to this case.   In a way it was not the new discovery of incriminating facts.   The defendant, when he first saw the plaintiff, made the original determination that plaintiff was under the influence of in-

---

[1] Section 662, comment f, of Restatement, Torts, is as follows: "f. Mistake of fact—Information subsequently obtained. The question of probable cause is to be determined in the light of those facts which the accuser knows or reasonably believes to exist at the time when he acts. It therefore follows that his subsequent discovery of exculpatory facts does not indicate a lack of probable cause for initiating the proceedings, although he may make himself liable by thereafter taking an active part in pressing the proceedings under the rule stated in §655. For the same reason, his position cannot be improved by his subsequent discovery of incriminating facts except in so far as they may be sufficient to convince a jury that the accused was, in fact, guilty of the offense charged against him under the rule stated in §657." See also: *Taylor v. American International Shipbuilding Corporation*, 275 Pa. 229, 231, 119 A. 130; *Groda v. American Stores Company*, 315 Pa. 484, 490, 173 A. 419; *Wolf v. Stern*, 71 Pa. Superior Ct. 191, 192

toxicating liquor. When the doctor subsequently made his examination he arrived at the same conclusion. This was merely a confirmation of a fact previously discovered by the defendant. It does seem to us that it had some relation to the question of probable cause. It was evidence which corroborated the defendant's original appraisal of the plaintiff's condition. It tended to prove that the defendant's original conclusion was correct. Be that as it may, the doctor's report was at least evidence which was directly relevant to the question of guilt. For what other purpose could this report have been received in evidence and given to the jury? The court below answered this question and frankly admitted in its opinion that it "was relevant to the issue of whether plaintiff was guilty or innocent of the charge. . . ." The jury was charged to examine the report "with care." If the report had no relevancy to the issues upon which the case was tried, why was it admitted and why was the jury instructed to examine it with care? Certainly the court below must have had in mind the issue of guilt. We feel that it was fundamental error for the learned trial judge not to have made this phase of the matter clear to the jury even though the court was not specifically requested to do so by counsel. He also should have made it clear to the jury that the defendant's burden to prove actual guilt need only be met by the production of evidence which shows a preponderating probability of his guilt as distinguished from evidence which shows his guilt beyond a reasonable doubt. It was, of course, the burden of the Commonwealth in the criminal trial to produce evidence which showed defendant's guilt beyond a reasonable doubt. The reason why the acquittal in the criminal case is not a bar in the civil proceedings to further inquiry into the actual guilt of the accused is because of the difference in the

burden of proof in the two trials: Restatement, Torts, §657, comments a, b.

Because of our disposition of the above question, it will not be necessary for us to consider the other questions raised by the appellant.

Because a new trial will be had in this case, we would like to call the court's attention to what President Judge RHODES said in *Krouse v. Feldshur*, 166 Pa. Superior Ct. 441, 451, 72 A. 2d 140: "Where, as here, the trial judge does not require a special verdict or special findings he should give clear instructions as to what facts will constitute probable cause. The procedure set forth by the Supreme Court in Simpson v. Montgomery Ward & Company, supra, 354 Pa. 87, 96-99, 46 A. 2d 674, should be carefully followed and the issues simplified as much as possible." See also *Cohen v. Lit Brothers*, 166 Pa. Superior Ct. 206, 210, 70 A. 2d 419; and *Jones v. MacConochie*, 162 Pa. Superior Ct. 124, 56 A. 2d 284.

Judgment reversed and a new trial is granted.

WOODSIDE and WATKINS, JJ., believing that the evidence conclusively establishes that the police officer had probable cause for initiating the proceedings, would grant judgment for the defendant.